**In the Matter of 47–49 CHARLES STREET, INC., Debtor.**

**Joseph FISCHER, the sole Equity Security Holder of the Debtor, Appellant,**

v.

**John S. PEREIRA, as Trustee of the Debtor's estate, Albert Imano, Semra J. Kiremitci, and Soho Village Properties, Inc., Appellees.**

**No. 96 Civ. 6480 (JGK).**

United States District Court, S.D. New York.

May 19, 1997.

---

Joseph Fischer, New York City, pro se.

John S. Pereira, Shaw, Licitra, Esernio & Schwartz, PC, New York City, for debtor.

## OPINION AND ORDER

JOHN G. KOELTL, District Judge.

This is an appeal of an order of the Bankruptcy Court dated May 23, 1996 (the "Settlement Order") approving and authorizing the Trustee to enter into a stipulation of settlement resolving landlord-tenant litigation then pending in and also approved by the Civil Court of the City of New York. The appellant, Joseph Fischer, is the sole equity security holder of the debtor, an entity known as 47–49 Charles Street, Inc. The appellant contends that the standards governing approval of the Settlement Order

were not met because the settlement was made in the interests of illegal tenants rather than in the interests of the appellant.

 Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court has the authority to approve a compromise or settlement. *See* Fed. R. Bankr.P. 9019(a); *see also Nellis v. Shugrue,* 165 B.R. 115, 121 (S.D.N.Y.1994); *In re Purofied Down Prods. Corp.,* 150 B.R. 519, 522 (S.D.N.Y.1993); *In re Frost Bros., Inc.,* No. 91 Civ. 5244, 1992 WL 373488, at *5 (S.D.N.Y.1992). A bankruptcy court's decision to approve a settlement should not be overturned unless it is manifestly erroneous and a clear abuse of discretion. *See In re Purofied,* 150 B.R. at 522; *In re Frost,* 1992 WL 373488, at *4. In *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968), the Supreme Court set forth the procedures to be followed in determining whether a settlement agreement should be approved:

> The fact that courts do not ordinarily scrutinize the merits of compromises involved in suits between individual litigants cannot affect the duty of a bankruptcy court to determine that a proposed compromise forming part of a reorganization plan is fair and equitable. There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.,* 390 U.S. at 424, 88 S.Ct. at 1163 (citations omitted). Courts in this district have further suggested that bankruptcy courts should consider seven factors:

1) The balance between the likelihood of success compared to the present and future benefits offered by the settlement;

2) Prospect of complex and protracted litigation if settlement is not approved;

3) Proportion of the class members who do not object or who affirmatively support the proposed settlement;

4) The competency and experience of counsel who support the settlement;

5) The relative benefits to be received by individuals or groups within the class;

6) The nature and breadth of releases to be obtained by officers and directors; and

7) The extent to which settlement is the product of arm's length bargaining.

*Nellis,* 165 B.R. at 122; *see also In re Frost,* 1992 WL 373488, at *5. "In sum, informed by the opinion of the parties, the Trustee, and counsel and its familiarity with the litigation, the bankruptcy court must make a considered, independent judgment as to whether a settlement is fair and equitable and 'in the best interests of the estate.'" *In re Purofied,* 150 B.R. at 523 (quoting *Protective Committee,* 390 U.S. at 424, 88 S.Ct. at 1163).

 In this case, the Trustee agreed to compromise and settle a landlord-tenant action he had brought on behalf of the debtor in the Civil Court of the City of New York against Albert Imano and unnamed tenants. Under the settlement agreement, it was agreed that (1) Mr. Imano, the purported tenant of the debtor under an oral commercial lease, had vacated the premises with no intention of returning; (2) that Semra Kiremitci would pay $5,000 to the Trustee in satisfaction of any rent claims against her arising from her occupation of the premises; and (3) that Semra Kiremitci would execute a commercial lease for a five year term at a rate of $1150 per month, subject to two percent increases every two years. At the hearing regarding the proposed settlement, the appellant objected to the settlement, asserting that the rental arrears for illegal use and occupancy of the premises by Mr. Imano under the guise of Soho Village Property totalled about $35,000.[1] (Tr. of Hr'g at 14–

---

1. The appellant argued that Mr. Imano had used the commercial premises for residential purposes and failed to pay the appellant. (Tr. of Hr'g at 14.)

15.) The bankruptcy court overruled the appellant's objection and so ordered the settlement without prejudice to the bringing of an adversary proceeding to recover any arrears owed by Mr. Imano and Soho Village Property and to obtain further relief in the event that the premises were not used commercially or proof was submitted that Ms. Kiremitci was really the alter ego of Mr. Imano.

The appellant now argues that the standards governing approval of the Settlement Order were not met because "the settlement was made in the 'paramount interest of the squatters,'" rather than in the interest of the appellant. (Appellant's Brief at 31.) However, the bankruptcy court was under an obligation to make an independent judgment as to whether the settlement was in the best interests of the estate.

The approval of the settlement was well within the bankruptcy court's discretion. The bankruptcy court was faced with a situation where there was no lease, and the trustee explained that the settlement would begin to provide a regular cash flow for the property. It was recommended by experienced counsel for the trustee in view of the serious questions regarding what recovery could be obtained for past occupancy. The appellant's major objections arose from the failure to obtain back payments from Mr. Imano or Soho Village Property, but the Trustee made it clear that the settlement was with Semra Kiremitci and not Mr. Imano or Soho Village Property. All claims against Mr. Imano and Soho Village Property were preserved. The bankruptcy court considered all of the objections to the settlement and made a reasonable determination in the best interests of the estate to approve settlement of the landlord tenant dispute.

Accordingly, the Settlement Order is **affirmed**. The clerk is directed to close this case.

**SO ORDERED.**