**In re PALM COAST, MATANZA SHORES LIMITED PARTNERSHIP, a Connecticut Limited Partnership, Debtor.**

**UNITED STATES TRUSTEE, Appellant,**

v.

**Marvin J. BLOOM, Trustee, Appellee.**

No 1824, Docket 96–5009.

United States Court of Appeals, Second Circuit.

Argued Aug. 9, 1996.

Decided Nov. 27, 1996.

Robert D. Kamenshine, Attorney, Appellate Staff, Civil Division, Department of Justice, Washington, DC (Frank W. Hunger, Assistant Attorney General, Martha · L. David, General Counsel, William Kanter, Jeanne M. Crouse, Attorneys, Appellate Staff, Civil Division, Department of Justice, of counsel), for Appellant.

Kenneth P. Silverman, Garden City, NY (Andrew S. Muller, Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman, of counsel), for Appellee.

Before: MESKILL, CALABRESI and PARKER, Circuit Judges.

MESKILL, Circuit Judge:

The issue presented on appeal is whether a Chapter 11 Trustee (Trustee) can employ his own real estate firm as a consultant to the bankruptcy estate. The appellant United States Trustee appeals from a judgment of the United States District Court for the Southern District of New York, Scheindlin, J., that affirmed an order of the United States Bankruptcy Court for the Southern District of New York, Abram, B.J., authorizing the Trustee to retain his real estate firm, Keen Realty Consultants, Inc. (Keen), as real estate consultant to the bankruptcy estate. We disagree with the district court's conclusion that a trustee is permitted to retain his real estate firm to assist him in his duties as trustee. We therefore vacate the judgment and remand to the district court.

## BACKGROUND

On November 22, 1993, Palm Coast: Matanza Shores Limited Partnership (Debtor), a partnership formed solely . to buy, develop and sell a certain parcel of real estate located in Florida, filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code (Bankruptcy Code). By Notice of Appointment dated October 18, 1994, the bankruptcy court appointed Marvin J. Bloom as trustee to the Debtor's bankruptcy estate.

In order to assist in the marketing and sale of the Debtor's property, Bloom sought to employ his real estate firm, Keen, as real estate consultant to the Debtor's bankruptcy estate. However, because Bloom is an officer of Keen, the United States Trustee opposed its retention. On February 2, 1995, the bankruptcy court held a hearing with respect to the proposed employment of Keen. After reviewing the application, the bankruptcy court authorized Keen's retention. The United States Trustee appealed to the district court. The district court affirmed the ruling of the bankruptcy court, holding that the Bankruptcy Code does not expressly limit a trustee's ability to hire his or her own firm to serve in any capacity, including that of real estate broker. *See In re Palm Coast: Matanza Shores Ltd. Partnership*, 188 B.R. 741 (S.D.N.Y.1995).

## DISCUSSION

### A. *Jurisdiction*

As a threshold matter, we must address the question of appellate jurisdiction. Where a district court has ruled on a bankruptcy matter as an appellate court pursuant to 28

U.S.C. § 158(a), we have jurisdiction to review the district court's decision if the appeal meets the requirements of, among other statutes, 28 U.S.C. § 158(d) or 28 U.S.C. § 1292. *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Because we have appellate jurisdiction pursuant to 28 U.S.C. § 158, we need not look to 28 U.S.C. § 1292. Section 158 provides in pertinent part:

(a) The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees; [and]

. . . . .

(3) with leave of the court, from other interlocutory orders and decrees;

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. . . .

. . . .

(d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.

█ Thus, while a district court has jurisdiction to hear bankruptcy appeals not only from bankruptcy court orders that are final, but also from orders that are nonfinal if taken with leave of the district court, subsection 158(d) confers appellate jurisdiction in the courts of appeals only over "final" district court orders. *See In re Johns–Manville Corp.*, 920 F.2d 121, 126 (2d Cir.1990). For purposes of appeal, the concept of "finality" is more flexible in the bankruptcy context than in ordinary civil litigation. *In re Prudential Lines*, 59 F.3d 327, 331 (2d Cir.1995). " '[O]rders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case.' " *In re Johns–Manville Corp.*, 920 F.2d at 126 (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir.1983)) (emphasis omitted).

█ An inquiry into appellate jurisdiction under subsection 158(d) consists of two steps: "First, we must determine whether the un-derlying decision of the bankruptcy court was final or interlocutory. . . . If the decision [of the bankruptcy court] was final, we must then ask whether the district court's disposition independently rendered the matter nonappealable." *Bowers v. Connecticut Nat'l Bank*, 847 F.2d 1019, 1022 (2d Cir. 1988).

█ After a hearing on the possible retention of Keen, the bankruptcy court authorized the trustee to hire Keen as a real estate consultant for the bankruptcy estate. Nothing in the order of the bankruptcy court or its affirmance by the district court indicates any anticipation that the decision will be reconsidered. *See In re Johns–Manville Corp.*, 920 F.2d at 127. Also, the district court, in affirming the bankruptcy court's order, noted that the bankruptcy court's order was a "final order."

Nothing in the district court's disposition independently rendered the matter nonappealable. The district court did not direct further proceedings in the bankruptcy court. *Cf. In re Financial News Network*, 931 F.2d 217, 221 (2d Cir.1991) (per curiam). The district court simply affirmed the bankruptcy court's final order. *See In re Johns–Manville Corp.*, 920 F.2d at 127. Therefore, the orders of the bankruptcy court and the district court were both final. Because the issue of whether Bloom can hire his real estate firm was finally decided, the district court's order is appealable under subsection 158(d) and is properly before us.

## B. *Merits*

█ We turn to the question whether the Bankruptcy Code permits a bankruptcy trustee to employ his real estate firm as real estate consultant to the bankruptcy estate. Both the bankruptcy court and the district court held that the Bankruptcy Code permitted the trustee, with approval of the court, to retain his professional firm to assist him. "Our review of the orders of district courts in their capacity as appellate courts in bankruptcy cases is plenary. Therefore, we review the district court's determinations of law de novo and its determinations of fact for clear error only." *In re Burger Boys*, 94

F.3d 755, 759 (2d Cir.1996) (citation and internal quotation omitted).

We must begin our analysis with the language of the statute. *See Berger v. Heckler*, 771 F.2d 1556, 1570 (2d Cir.1985). The courts below focused on subsections 327(a) and 327(d) of the Bankruptcy Code. Subsection 327(a) empowers the trustee, subject to a court's approval, to employ one or more attorneys, accountants, appraisers, auctioneers, or other professionals to represent or assist the trustee in carrying out the trustee's duties. 11 U.S.C. § 327(a). Other than the occupations enumerated in section 327, the statute is silent as to who is included in the catchall category "other professional persons." In *In re Seatrain Lines*, 13 B.R. 980 (Bankr.S.D.N.Y.1981), a definition of "professional persons" was enunciated, which has become a benchmark for the purposes of § 327(a). The court stated that, "[f]or the purposes of section 327(a), 'professional person' is limited to persons in those occupations which play a central role in the administration of the debtor proceeding." *Id.* at 981. Certainly a real estate broker who helps liquidate the debtor's property plays a central role in the administration of the debtor's estate and is subject to the provisions of § 327(a). *Cf. In re Haley*, 950 F.2d 588 (9th Cir.1991). However, the trustee may employ only professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a).

Subsection 327(d), the pertinent exception to subsection 327(a), provides that "[t]he court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate." 11 U.S.C. § 327(d).

The bankruptcy court held that neither subsection 327(a) nor subsection 327(d) prevented the trustee from hiring his own real estate firm to assist him. The district court agreed, holding that the exception in subsection 327(d) did not expressly limit the trustee's ability to serve in any non-lawyer or non-accountant capacity, including that of real estate broker. The court reasoned that if Congress intended to prevent trustees from retaining their own firms in a non-

lawyer or non-accountant capacity, the legislature could have so provided.

We do not agree with the conclusions reached below. Contrary to the reasoning of the bankruptcy court and district court, section 327 *alone* does not resolve the present dispute. This is because section 327 is susceptible to at least two dissimilar interpretations. On the one hand, subsections 327(a) and 327(d) may be read together to imply that Congress intentionally chose not to permit a trustee to hire himself in any capacity except as an attorney or accountant. This reading supports the position taken by the United States Trustee.

On the other hand, subsection 327(a) could be interpreted to permit the trustee, with the court's approval, to employ anyone, including himself, to serve in any professional capacity. Of course the trustee, in his role as a "professional person," would have to remain disinterested and hold no interest adverse to the estate. Even if, however, a trustee serving as an attorney or accountant to the estate would be "interested" or hold an interest adverse to the estate, subsection 327(d) would still allow the trustee to hire himself as attorney or accountant as long as he first sought authorization from the court and as long as such authorization was in "the best interest of the estate." This second reading supports the position taken by the debtor.

"[W]here the scope of a statutory provision is not made crystal clear by the language of the provision, it is appropriate to turn to the legislative history of the statute." *Berger*, 771 F.2d at 1571. Unfortunately, in this case, the legislative history of section 327 is sparse and of no assistance to our present analysis.

Fortunately, our search for an answer is not limited to section 327 or its legislative history. We can look to the law of Trusts for guidance. *See, e.g., United States v. Sanges*, 144 U.S. 310, 311, 12 S.Ct. 609, 609, 36 L.Ed. 445 (1892) (statutes should be read in light of the common law). Read in the light of the common law of trusts, section 327 must be interpreted to prohibit the trustee from hiring himself in any non-lawyer or

non-accountant capacity. This is because the law of trusts requires that the trustee, *in his role as trustee*, be disinterested and prohibits him from obtaining interests adverse to the estate. As with any trustee, a bankruptcy trustee owes a duty of loyalty to the beneficiaries of the trust. Austin W. Scott, *Scott on Trusts*, § 170 (3rd ed. 1967). A trustee "is not permitted to place himself in a position where it would be for his own benefit to violate his duty to the beneficiaries." *Id.* As the Supreme Court stated in 1951, "[e]quity tolerates in bankruptcy trustees no interest adverse to the trust. This is not because such interests are always corrupt but because they are always corrupting." *Mosser v. Darrow*, 341 U.S. 267, 271, 71 S.Ct. 680, 682, 95 L.Ed. 927 (1951).

Congress has recognized the importance of requiring that the bankruptcy trustee have no interest adverse to the estate. The requirement that a trustee be a "disinterested person" has been expressly incorporated into various sections of the Bankruptcy Code. These include subsection 701(a) (appointment of an interim trustee), subsection 703(c) (appointment of a successor trustee if creditors fail to elect one) and subsection 1104(b), which requires that, if a trustee is to be elected in a Chapter 11 case, the person elected must be disinterested. *See* 11 U.S.C. §§ 701(a), 703(c), 1104(b). Disinterested person is defined in subsection 101(14) of the Bankruptcy Code as, *inter alia*, a person that "does not have an interest materially adverse to the interest of the estate." 11 U.S.C. § 101(14)(E).

▆▆ A trustee who hires his own professional firm to assist him cannot be a "disinterested person" who has no interest adverse to the estate. Once the trustee's firm is hired by the estate, the trustee's personal interests are implicated. At that point, the trustee's independence and disinterestedness are compromised by a potential conflict of interest.[1] The trustee may be placed in a position where it would be to his benefit to harm the reorganization or dissolution of the estate. Because "[e]quity tolerates in bank-

ruptcy trustees no interest adverse to the trust," *Mosser*, 341 U.S. at 271, 71 S.Ct. at 682, we hold that a trustee is not permitted to hire his own firm in a non-lawyer or non-accountant capacity. In certain situations, a bankruptcy trustee can hire his own law or accounting firm, but only because those two occupations are specifically exempted by subsection 327(d) of the Bankruptcy Code.

Thus, in applying the common law of trusts to our interpretation of section 327, we reach the same result as we would if we relied on the maxim *expressio unius est exclusio alterius*, the mention of one thing implies the exclusion of another. By its express language, section 327(d) permits the trustee to serve only as "attorney or accountant." It does not authorize the trustee to serve in any other professional capacity. *See In re John Galt, Ltd.*, 130 B.R. 464, 465–66 (S.D.W.Va. 1989); *In re Blue*, 146 B.R. 856, 858 (Bankr. W.D.Okla.1992); *In re Alexander*, 129 B.R. 183, 185 (Bankr.D.Minn.1991); *In re Continental Nut Co.*, 44 B.R. 48, 49 (Bankr. E.D.Cal.1984). *Compare* 11 U.S.C. § 327(d) (the trustee may act as "attorney or accountant"), *with* 11 U.S.C. § 327(a) (the trustee "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons").

In this case, Bloom, as trustee, seeks authorization to hire his real estate firm to assist him in his duties. Because we hold that a bankruptcy trustee may not hire his or her firm in a non-lawyer or non-accounting capacity, Bloom's application for such action should have been disapproved.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is vacated and the matter is remanded to the district court for further proceedings not inconsistent with this opinion.

---

1. The United States Trustee in this case alleges that a conflict of interest has already affected the trustee's independence. The United States Trust-

ee points to the fee negotiations where the trustee represented Keen.