·In re Eric C. KURTZMAN, Trustee.

Eric C. Kurtzman Trustee in Bankruptcy for Rory G. Pilcher, Joanne Pilcher, Carlos Montoya, Richard J. Cimino, Sr., Judith N. Cimino, Carol P. Collins, Glen T. Mitchell, Scott M. Lask, Caren D. Lask, Dorothea A. Judson, Jonathon Kern, Feti Canpolat, Charles P. Benson, d/b/a Benson Auto Repair, Barbara A. Baird, Maria Guisao, Charles James Balli, Joyce Ann Balli, Mitchell Rothman, Donald P. Klybas, Charles E. Fowler, Donald R. McCue, Glenn Albert Sayres and Diane Michelle Sayres, Debtors, Trustee–Appellant.

Docket No. 98–5041

United States Court of Appeals, Second Circuit.

Argued: Feb. 5, 1999.

Decided: Oct. 20, 1999.

See also: 220 B.R. 801.

Joseph J. Haspel, Stein Riso Haspel & Jacobs LLP, New City, NY, for Trustee–Appellant Eric C. Kurtzman.

Jacob D. Zeldes, Zeldes, Needle & Cooper, Bridgeport, CT (Robert M. Frost, of counsel), as amicus curiae pro bono publico, by appointment of the Court.

Before: CARDAMONE, CABRANES, and STRAUB, Circuit Judges.

PER CURIAM:

Eric C. Kurtzman, as Trustee in Bankruptcy for various Chapter 7 debtors ("Trustee"), appeals from a judgment of the United States District Court for the Southern District of New York (Barring-

ton D. Parker, Jr., *Judge* ), which affirmed an order of the United States Bankruptcy Court for the Southern District of New York (Jeremiah E. Berk, *Bankruptcy Judge* ) denying the Trustee's motion pursuant to 11 U.S.C. § 327(a) to retain the law firm of Stein Riso Haspel & Jacobs LLP ("Stein Riso") as his counsel. For the reasons that follow, we conclude that the decision below is an appealable final order, but we dismiss this appeal because it presents an issue that is moot.

In December 1997, the Trustee applied to the Bankruptcy Court for an order authorizing him to retain Stein Riso as counsel for eighteen Chapter 7 cases pursuant to 11 U.S.C. § 327(a). However, the Bankruptcy Court, by order of January 12, 1998, denied the Trustee's application because Stein Riso refused to reduce its hourly rate to $200 per hour, which the Bankruptcy Court considered to be the "current maximum hourly rate charged for similar legal services within this Court's seven-county venue." *In re Kurtzman,* 220 B.R. 805, 806 (Bankr.S.D.N.Y.1998). The Bankruptcy Court believed that the Trustee could employ competent counsel whose fees would not exceed the maximum hourly rate. *Id.* The Trustee, represented by Stein Riso, appealed the Bankruptcy Court's order, but he did not seek a stay or an expedited appeal. By memorandum decision and order of May 20, 1998, the District Court affirmed, *see In re Kurtzman,* 220 B.R. 538, 542 (S.D.N.Y.1998), and this timely—but again, unexpedited—appeal followed.

Because there was no party on the appeal representing interests other than those of the Trustee, we deemed it prudent, in the interests of justice, to appoint counsel to serve as *amicus curiae pro bono publico.* In a January 5, 1999 order, we asked *amicus* to address the substantive issue raised by the appeal and asked both parties to consider the question of whether the District Court's decision in this case could be deemed a final order as

is required for us to have jurisdiction pursuant to 28 U.S.C. § 158(d).

After this case was argued, on June 3, 1999, we ordered the Trustee and *amicus* to brief two additional questions: (1) whether the underlying Chapter 7 bankruptcy actions involved in this appeal were now closed, and (2) if so, whether this appeal is moot or escapes mootness because it falls within the so-called "capable of repetition, yet evading review" exception to the mootness doctrine. In its response, the Trustee argued that this appeal is not moot since twelve of the eighteen Chapter 7 actions were still open, and even if the cases were all closed, this case fell within the "capable of repetition, yet evading review" exception. The Trustee maintained that because the "proposed retention of counsel in the instant matters does not necessarily concern a litigation, short or otherwise," the question of whether the denial of a § 327(a) motion to retain counsel "evaded review" was largely irrelevant, and because the Bankruptcy Court had expressed its intention to reject any similar applications from the Trustee to retain Stein Riso unless the firm would agree to the maximum hourly rate, the issue was "capable of repetition."

In its response, *amicus* argued that this case is moot. Although acknowledging that many of the underlying bankruptcy cases were open, *amicus* pointed out that the docket sheets for these cases indicated that the Trustee had selected substitute counsel as necessary in all of the actions, and there had been no claim by the Trustee that he had been prejudiced by the selection of alternative counsel. *Amicus* also noted that the Trustee had failed to seek an appropriate stay in the Bankruptcy Court and an expedited appeal. Because the Trustee could have sought a stay prior to appeal and prior to hiring substitute counsel, *amicus* asserted that the issue in this appeal did not evade review, even though it was capable of repetition.

After reviewing the submissions by the Trustee and *amicus,* we issued a further order on July 7, 1999 to the Trustee to submit an affidavit indicating whether he intended to retain Stein Riso "in any significant capacity." In his affidavit, the Trustee indicated that he had "retained substitute counsel in each of the estates" and that each of the estates was "moving to closure." The Trustee also stated that he could not indicate "for what purposes [he] intend[s] to retain the Stein Riso firm" because he did not know "when such an ability may come to fruition." Although he acknowledged that his current counsel were "sufficiently competent" and that he would not "jeopardize the continuity of an ongoing litigation by substituting new counsel," he asserted that "in the various cases which remain open, it remains possible that [he would] discover items (i.e. new assets) which may lead to new proceedings."

With the benefit of full briefing, we now consider the two jurisdictional issues we have raised: (1) whether we have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d) as an appeal from a final order; and (2) whether this case presents an issue that is moot. Turning to the first question, 28 U.S.C. § 158(d) provides that "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered" by the district courts acting in their bankruptcy appellate capacities pursuant to 28 U.S.C. § 158(a). We have previously explained that "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Bank Brussels Lambert v. Coan (In re AroChem Corp.),* 176 F.3d 610, 620 (2d Cir.1999) (internal quotation marks omitted); *accord United States Trustee v. Bloom (In re Palm Coast, Matanza Shores Ltd. Partnership),* 101 F.3d 253, 256 (2d Cir.1996). Both *AroChem* and *Palm Coast* indicate that our jurisdictional inquiry requires us to determine, first, "whether the underlying decision of the bankruptcy court was final," and, if so, "whether the district court's disposition independently rendered the matter nonappealable." *AroChem,* 176 F.3d at 620 (internal quotation marks omitted); *accord Palm Coast,* 101 F.3d at 256.

■ In the present case, we conclude that we have jurisdiction because the Bankruptcy Court's order was final, and the District Court's ruling did nothing to change that. We believe this result is required by the reasoning of our recent decision in *AroChem,* in which we held that a district court's order affirming a bankruptcy court's authorization of the retention of counsel by a trustee pursuant to 11 U.S.C. § 327(a) was a final order appealable under 28 U.S.C. § 158(d). *See AroChem,* 176 F.3d at 618–20; *see also Palm Coast,* 101 F.3d at 256 (concluding that an order authorizing a trustee to retain his own real estate firm pursuant to 11 U.S.C. § 327(a) was a final order appealable under 28 U.S.C. § 158(d)). We note that we see no principled distinction between an appeal from a district court's affirmance of a bankruptcy court's order pursuant to 11 U.S.C. § 327(a) *authorizing* the retention of counsel, which in *AroChem* we held to be final for purposes of 28 U.S.C. § 158(d), and an appeal from a district court's affirmance of a bankruptcy court's order *denying* the retention of counsel as in this case. Here, as in *AroChem,* neither the Bankruptcy Court nor the District Court "suggested that its order would be reconsidered," the District Court considered the Bankruptcy Court's order to be final, and the District Court "did not order any further proceedings" in the Bankruptcy Court. *AroChem,* 176 F.3d at 620. Accordingly, since the Bankruptcy Court's order was final, and the District Court merely affirmed that order, we have jurisdiction under § 158(d).[1]

1. As we discuss above, our holding as to appellate jurisdiction—that the District Court's affirmance of the Bankruptcy Court is a final order appealable under 28 U.S.C. § 158(d)—

■ However, we conclude that this case has become moot and that this appeal must be dismissed. "When a case becomes moot, the federal courts 'lack[ ] subject matter jurisdiction over the action.'" *Fox v. Board of Trustees of the State Univ. of N.Y.,* 42 F.3d 135, 140 (2d Cir. 1994) (quoting *New York City Employees' Retirement Sys. v. Dole Food Co.,* 969 F.2d 1430, 1433 (2d Cir.1992)), *cert. denied,* 515 U.S. 1169, 115 S.Ct. 2634, 132 L.Ed.2d 873 (1995). The prohibition on the review of moot cases arises from "the Article III requirement that federal courts adjudicate only 'Cases' and 'Controversies.'" *Id.* at 139 (citing *DeFunis v. Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) (per curiam)). As with other defects in subject matter jurisdiction, mootness may be raised at any stage of the litigation. *See id.* at 140. Moreover, "[t]o sustain our jurisdiction in the present case, it is not enough that a dispute was very much alive when suit was filed.... The parties must continue to have a personal stake in the outcome of the lawsuit.'" *Knaust v. City of Kingston,* 157 F.3d 86, 88 (2d Cir.1998) (quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)) (omission in original), *cert. denied,* — U.S. ——, 119 S.Ct. 1805, 143 L.Ed.2d 1009 (1999); *see also Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). We therefore have the obligation to consider whether this action is moot.

■ "[A] case becomes moot only when it is 'impossible for the court to grant *any* effectual relief whatever to a prevailing party.'" *Capital Communications Fed. Credit Union v. Boodrow (In re Boodrow),* 126 F.3d 43, 46 (2d Cir.1997) (quoting *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992)) (internal quotation marks omitted), *cert. denied,* 522 U.S. 1117, 118 S.Ct. 1055, 140 L.Ed.2d 118 (1998). In other words, a plaintiff "'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer,* 523 U.S. at 7, 118 S.Ct. 978 (quoting *Lewis,* 494 U.S. at 477, 110 S.Ct. 1249). In this case, even if we were to agree with the Trustee's argument on the merits, we cannot provide any effectual relief with respect to this appeal and any decision we issue would be purely an advisory opinion. As the Trustee acknowledged in his affidavit, he has retained substitute counsel for each of the estates, and he does not know when, if ever, he will retain Stein Riso as counsel in these bankruptcy cases. The Trustee has also stated that he will not change counsel in the middle of an ongoing litigation or in the other underlying cases that are approaching closure. Although the Trustee suggests that there may be future matters that he will "discover" for which he could retain Stein Riso, the mere possibility that such items may be found is too speculative to avoid mootness because the potential future injury—the lack of authorization to retain Stein Riso on these hypothetical matters—is neither actual nor threatened at this time.

■ The Trustee maintains that even if we conclude that we can grant no effective relief in this case, we should find that this appeal remains justiciable because it is "capable of repetition, yet evading review." As the Supreme Court recently explained, this doctrine "applies only in exceptional

is dictated by the binding precedent of *Aro-Chem,* 176 F.3d at 618–20. The result in *AroChem* was itself dictated by the binding precedent of *Palm Coast,* 101 F.3d at 255–56. We have recognized that *Palm Coast* "may cut against the grain of prior Circuit precedent," in that it relies on a perhaps overly expansive notion of "discrete disputes" in the bankruptcy context. *AroChem,* 176 F.3d at 620 n. 6.

Nevertheless, *Palm Coast* remains binding "unless and until it is overruled by the Court *en banc* or by the Supreme Court." *Id.* (internal quotation marks omitted). While, in the fullness of time, it may indeed be appropriate for us to revisit *en banc* the holding of *Palm Coast,* this obviously is not the case to do so because we conclude that this appeal is now moot.

situations, where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer*, 523 U.S. at 17, 118 S.Ct. 978 (internal quotation marks and citations omitted) (alterations in original); *accord Knaust*, 157 F.3d at 88; *Haley v. Pataki*, 60 F.3d 137, 141 (2d Cir.1995).

■ Although it may be true that the issue presented in this appeal may be "capable of repetition," it cannot be said that it will "evade review." As *amicus* points out, if the Trustee moves to retain Stein Riso pursuant to 11 U.S.C. § 327(a) at some point in the future, and that application is denied, the Trustee can seek an appropriate stay in the Bankruptcy Court and an expedited appeal of the Bankruptcy Court's order. We also note that the Trustee's sole argument regarding the "evading review" question—that it is not applicable because the Trustee would at times seek to retain counsel for bankruptcy matters that do not involve litigation— misunderstands this exception to mootness. We focus on the order at issue and whether "the elapsed time that gave rise to mootness" would always limit judicial review of the question presented on appeal. *Knaust*, 157 F.3d at 88. Because the Trustee has the ability to seek a stay and an expedited appeal, the retention issue presented by this appeal did not inevitably—and, if it arises again, will not inevitably—lapse into mootness prior to review.

For all of the foregoing reasons, we dismiss this appeal as moot.[2]

---

[2] As a final note, we express our appreciation to Jacob D. Zeldes, Esq., who served as *amicus curiae pro bono publico* at our request, and to his colleague, Robert M. Frost, Esq., both of Zeldes, Needle & Cooper. We found their submissions and argument most helpful.