Christopher Earl STRUNK, Plaintiff–Appellant,

v.

UNITED STATES HOUSE OF REPRESENTATIVES, Dennis Hastert, Richard Gephardt, Bernard Saunders, Adolphus Towns, United States Department of Commerce, Bureau of the Census, William M. Daley, President of the United States, United States Census Monitoring Board, Mark Johnson, Fred Asbell, The State of New York, Attorney General, Governor, Secretary, Senator Pro Tempore, Assembly Speaker, New York Republican State Committee, New York State Democratic Committee Dick Armey, Defendant–Appellees.

No. 01–6021.

United States Court of Appeals, Second Circuit.

Nov. 8, 2001.

Christopher Earl Strunk, Brooklyn, NY, pro se.

David L. Goldberg, Assistant United States Attorney; Varuni Nelson, of counsel, for Loretta A. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY, for appellees.

Present VAN GRAAFEILAND, WINTER, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of December 26, 2000 be, and it hereby is, AFFIRMED.

The plaintiff Christopher Earl Strunk filed an order to show cause why a preliminary injunction and temporary restraining order should not be granted pursuant to Fed.R.Civ.P. 65(a) and (b), preventing the defendants from seating the State's electors for the 2000 presidential election at the December 18, 2000 meeting of the electoral college. Strunk contends that New York's method of selecting presidential electors, whereby all of the State's electoral college positions are given to individuals representing the candidate who wins the State's popular vote, violates *inter alia* the Equal Protection Clause of the Fourteenth Amendment; the Privileges and Immunities Clause of U.S. Const. Art. IV, § 2; the right to a republican form of government under U.S. Const. Art. IV, § 2, cl. 5; the First Amendment; New York's Constitution; and New York statutory and common law. The defendants made oral motions, pursuant to Fed. R.Civ.P. 12(b)(6), to dismiss all of the plaintiff's claims, and the district court granted the motions. The district court held that states have authority to determine the method of selecting presidential electors and that Strunk offered no evidence of fraud as a predicate for judicial intervention. Strunk's subsequent motion for reconsideration was denied.

The district court was correct to reject all of Strunk's claims. Strunk's re-

quest for injunctive relief is moot because the presidential electors were already seated at the December 18, 2000 meeting of the electoral college and the President and Vice President of the United States have been elected. *See United States v. Mercurris,* 192 F.3d 290, 293 (2d Cir.1999). Thus, it is "impossible for the court to grant any effectual relief whatever to the prevailing party." *In re Kurtzman,* 194 F.3d 54, 58 (2d Cir.1999); *see also Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Fox v. Bd. of Trs. of the State Univ. of N.Y.,* 42 F.3d 135, 140 (2d Cir.1994), *cert. denied,* 515 U.S. 1169, 115 S.Ct. 2634, 132 L.Ed.2d 873 (1995). Nor does the instant case fall within the limited exception wherein a controversy may be "capable of repetition, yet evading review." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). Although the same controversy may arise in connection to the 2004 elections, Strunk can file a timely petition for relief at that time.

The district court in this instance reached the merits of the plaintiff's claims, and rejected all of them. We note that the district court correctly stated the proposition of law that states are constitutionally empowered to determine how to select electors: "Each State shall appoint, in such Manner *as the Legislature thereof may direct,* a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress." U.S. Const. Art. II, § 1, cl. 2 (emphasis added). Thus, "[t]he individual citizen has no federal constitutional right to vote for electors for the president of the United States unless and until the state legislature chooses a statewide election as the means to implement its power to appoint members of the Electoral College." *Bush v. Gore,* 531 U.S. 98, 104, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000)

(citing U.S. Const. Art. II § 1); *see also McPherson v. Blacker,* 146 U.S. 1, 35, 13 S.Ct. 3, 36 L.Ed. 869 (1892).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.