SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal from the judgment of the district court be and it hereby is DISMISSED.
Debtors-appellants Nichita M. Bucurescu and Doina M. Bucurescu, proceeding pro se, appeal from a June 2, 2003 order of the United States District Court for the *304 Southern District of New York (Sidney H. Stein, Judge) dismissing their appeal from the December 13, 2000 order of the United States Bankruptcy Court for the Southern District of New York (Cornelius Black-shear, Bankruptcy Judge), which granted a default judgment against the Bucurescus and held their debt nondisehargeable. Familiarity with the facts and procedural history is assumed.
On this appeal, the Bucurescus challenge the district court’s dismissal of their bankruptcy appeal for failure to timely file their brief with the district court. They contend that (1) Judge Stein improperly dismissed the appeal because several documents were missing from the record and (2) there is no requirement that they file a brief in compliance with Fed. R. Bankr.P. 8009.
We conclude that this appeal has become moot. Article III of the United States Constitution limits this court’s jurisdiction to live cases or controversies. U.S. Const, art. Ill, § 2; In re Kurtzman, 194 F.3d 54, 58 (2d Cir.1999) (per curiam). “[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed [as moot] by virtue of Article Ill’s ‘case or controversy’ requirement.” In re Chateaugay Corp., 10 F.3d 944, 949 (2d Cir.1993) (internal quotation marks omitted; first alteration in original). By order dated February 6, 2004, which issued after the district court’s June 2, 2003 dismissal and the filing of this appeal, the bankruptcy court dismissed the entirety of the Bucurescus’ underlying Chapter 7 bankruptcy case. The district court has likewise dismissed the appeal from that dismissal for failure to file a brief. See In re Bucurescu, No. 04 Civ. 3545, 2004 WL 2296326, at *2 (S.D.N.Y. Oct. 13, 2004). Because the Bucurescus’ underlying bankruptcy proceeding has been terminated, there is no “effectual relief whatever” that this court could grant the Bucurescus. In re Chateaugay Corp., 10 F.3d at 949; accord In re Kurtzman, 194 F.3d at 58; see also In re Pattullo, 271 F.3d 898, 901 (9th Cir.2001).
Accordingly, and for the foregoing reasons, it is hereby ORDERED that the appeal from the judgment of the district court is DISMISSED.
Upon due consideration, it is hereby FURTHER ORDERED that the Clerk of this Court refuse to accept for filing any further submissions from appellants related to this bankruptcy, unless they first obtain leave from an active judge of this court to file such papers. See In re Martin-Trigona, 9 F.3d 226, 228-29 (2d Cir.1993) (upholding the court’s power to impose “leave to file” requirements); see also In re Sassower, 510 U.S. 4, 4-5, 114 S.Ct. 2, 126 L.Ed.2d 6 (1993) (per curiam) (barring appellant from proceeding in forma pauperis in future noncriminal matters).
The Bucurescus are also placed on notice that future frivolous or vexatious litigation may result in the imposition of additional sanctions. See Fed. R.App. P. 38 (authorizing imposition of damages for filing a frivolous appeal); see also In re Martirir-Trigona, 9 F.3d at 227-29 (discussing various sanctions courts may impose upon vexatious litigants).