16-2993-cv(L)
Fisher, et al. v. U.S. Att'y for the S.D.N.Y., et al.

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand eighteen.

PRESENT:  RAYMOND J. LOHIER, JR.,
                      *Circuit Judge*,
                EDWARD R. KORMAN,
                      *District Judge*.*

IN RE:  IN THE MATTER OF THE
APPLICATION OF JANON FISHER EDITOR
FOR DNAINFO FOR NEW YORK,

JANON FISHER, DNAINFO,

        *Petitioners-Appellants*,

                v.                          Nos. 16-2993-cv(L), 16-4115-cv(CON)

---

* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation. Judge Guido Calabresi, originally assigned to this panel, subsequently recused himself. Therefore, the two remaining members of the panel decide this case pursuant to Second Circuit Internal Operating Procedure E(b).

UNITED STATES ATTORNEY FOR THE
SOUTHERN DISTRICT OF NEW YORK,
UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK,

      *Respondents-Appellees.*

---

FOR APPELLANTS:        KATIE TOWNSEND (Bruce D. Brown, *on the brief*), The Reporters Committee for Freedom of the Press, Washington, DC.

FOR APPELLEES:        KAN MIN NAWADAY (Russell Capone, Lauren Schorr, Margaret Garnett, *on the brief*), Assistant United States Attorneys, *for* Geoffrey S. Berman, Interim United States Attorney for the Southern District of New York, New York, NY.

Appeals from a July 27, 2016 order of the United States District Court for the Southern District of New York (Ronnie Abrams, *Judge*) and a December 6, 2016 order of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeals are DISMISSED.

Janon Fisher appeals from an order of the District Court (Abrams, J.) denying his motion to unseal all proceedings and court records regarding any criminal prosecution of Jona Rechnitz.  DNAinfo appeals from an order of the

2

District Court (Stein, J.) denying its motion to unseal the same records. On December 12, 2016, we consolidated the appeals of Fisher and DNAinfo (collectively, "Appellants"). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to dismiss these consolidated appeals as moot.

A case becomes moot, at any stage of litigation, when there is no longer a live case or controversy for a court to decide, such as when the plaintiff has already received the relief sought. See U.S. Const. art. III; Liner v. Jafco, Inc., 375 U.S. 301, 306 & n.3 (1964). A narrow exception to the mootness doctrine arises where the underlying dispute between the parties is "capable of repetition, yet evading review," Neb. Press Ass'n v. Stuart, 427 U.S. 539, 546 (1976), that is, when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again," Granato v. Bane, 74 F.3d 406, 411 (2d Cir. 1996) (quotation marks omitted).

Here, the Appellants have already received their requested relief in the form of fully unsealed and unredacted documents. As a result, the Government argues, the case is now moot. The question before us is whether the case

3

nevertheless continues to be a live controversy because it is capable of repetition, yet evading review. S. Pac. Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 515 (1911).

We have previously held that the full disclosure of a plea or cooperation agreement does not necessarily moot an appeal. United States v. Haller, 837 F.2d 84, 86 (2d Cir. 1988). In Haller, we concluded that it reasonably could be assumed that the journalistic party seeking disclosure of the sealed plea documents in that case would be subjected to another, similar sealing order in the future. Id. But the timeframe in Haller was compressed: about nine weeks elapsed between the request to unseal the documents and the Government's complete unsealing of those records. Id. By contrast, a full nine months elapsed between Fisher's June 2016 request to unseal and the Government's partial unsealing in March 2017, and about seventeen months elapsed between that request and the Government's complete unsealing in November 2017. At oral argument, counsel for Appellants insisted that the "period of sealing was too short for full appellate review," but counsel also conceded that our inquiry to determine whether that is so—that is, whether the challenged action is too short in duration to be fully litigated prior to its cessation—is ultimately a "fact-

4

specific" one.  Oral Argument at 45:33.

We discern no significant obstacles to the Appellants' seeking and obtaining appellate review of the sealing decisions well within either the nine- or seventeen-month period.  See In re Kurtzman, 194 F.3d 54, 59 (2d Cir. 1999) (per curiam) ("focus[ing] on the order at issue" to determine "whether the elapsed time that gave rise to mootness" necessarily "limit[ed] judicial review" (quotation marks omitted)).  To the contrary, Appellants could have acted to expedite the appellate process in this case, but failed to do so.  Mootness was the result of their failure to act, rather than the nature of the case.  For these reasons, on this record and under the specific circumstances of this case, we conclude that the challenged action was not so short as to evade review or to have "inevitably . . . lapse[d] into mootness prior to review."  Id.

We have considered Appellants' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the appeals are DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court