In re Richard E. SMITH, Debtor.

**BANK ONE, CRAWFORDSVILLE, NA, Plaintiff,**

v.

Richard E. SMITH, Defendant.

Bankruptcy No. 95–40356.
Adv. No. 95–4016.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

March 19, 1997.

Lamont Harris, Crawfordsville, IN, for Plaintiff.

Ray Merritt, Lafayette, IN, for Defendant.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

In this adversary proceeding, Bank One, Crawfordsville, NA ("Bank One") contends that the debtor should be denied a discharge because, during the year prior to filing the petition, he transferred his residence and certain business equipment with the intent to hinder, delay or defraud his creditors, 11 U.S.C. § 727(a)(2)(A), and that he knowingly and fraudulently made a materially false oath in or in connection with the bankruptcy case, by understating the amount of his accounts receivable. 11 U.S.C. § 727(a)(4)(A). Debtor and Bank One have settled this dispute. Under the terms of the settlement, the debtor will pay Bank One $12,500 in cash.[1] In exchange, Bank One will dismiss its complaint with prejudice, allowing debtor to receive a discharge. Furthermore, Bank One will not seek to recover any of the debtor's business equipment, accounts receivable, or their proceeds and it will not seek to recover

---

1. The parties represent that the debtor plans to borrow the money with the assistance of family members.

from the debtor's wife any of the equipment that the debtor purportedly transferred to her during the year prior to the petition.

■ An adversary proceeding objecting to a debtor's discharge may not be voluntarily dismissed without notice and then "only on order of the court containing such terms and conditions which the court deems proper." Fed.R.Bankr.P. 7041. A hearing on the settlement and the proposed dismissal was held on notice to all appropriate parties. No objections have been filed. The matter is now before the court to consider whether it can approve the parties' agreement for dismissal.

■ In *Matter of Egolf,* 102 B.R. 706 (Bankr.N.D.Ind.1989) and again in *Matter of Krizmanich,* 139 B.R. 456 (Bankr.N.D.Ind. 1992), this court concluded that, by initiating litigation which, if successfully prosecuted, will benefit all creditors, a creditor assumes an obligation to the general creditor body. Having done so, it may not abdicate that responsibility or use that position to its own advantage by settling the litigation on terms which will allow it to receive a private benefit solely for itself. *Krizmanich,* 139 B.R. at 458–459; *Egolf,* 102 B.R. at 710. *See also In re Taylor,* 190 B.R. 413 (Bankr.D.Colo.1995); *In re Speece,* 159 B.R. 314 (Bankr.E.D.Cal. 1993); *In re Joseph,* 121 B.R. 679 (Bankr. N.D.N.Y.1990); *In re Nicolosi,* 86 B.R. 882 (Bankr.W.D.La.1988); *In re Moore,* 50 B.R. 661 (Bankr.E.D.Tenn.1985). *But see In re Short,* 60 B.R. 951 (Bankr.M.D.La.1986). Whenever such litigation is being settled, the court must be concerned that "the same parties who would receive the benefits of a successful prosecution will also receive the benefits being conferred by the settlement." *Krizmanich,* 139 B.R. at 458.

Just as in *Krizmanich* and *Egolf,* Bank One has undertaken an obligation to the general creditor body, by filing a complaint objecting to the debtor's discharge.[2] The proposed settlement ignores that obligation, because of the agreement to dismiss the action in return for a purely private benefit. While all creditors would benefit from the successful prosecution of this adversary proceeding, only Bank One will receive the benefits of the settlement.

The court cannot, consistent with *Egolf* and *Krizmanich,* approve the parties' agreement for the dismissal of this action. They argue, however, that the propriety of their agreement and the court's ability to approve it is simply a matter of notice. It is their position that an objection to discharge may properly be settled in return for a private benefit, so long as all appropriate parties have been given notice of the agreement and the opportunity to intervene in the litigation or to be substituted for the settling plaintiff. If this has been done and no other party in interest has objected to the settlement or come forward to take over the litigation, they contend that the bankruptcy court may properly approve the settlement. The court does not agree.

Some things are black and white and this is one of them. If the successful prosecution of a proceeding will benefit the entire creditor body, that action may not be settled in return for a private benefit. Unless the same parties that would benefit from the successful prosecution of a particular action also receive the benefits of its settlement, the settlement is improper. No amount of notice, absence of objection, or lack of creditor interest can change this principle or remove the fundamental impropriety which taints a settlement that does not comply with it.[3] Indeed, the Advisory Committee Note to Bankruptcy Rule 7041 clearly suggests that such agreements are improper and indicates

**2.** While the litigation in *Krizmanich* involved an objection to a claimed exemption, much of the authority this court relied upon in that case came from decisions addressing the propriety of a proposed settlement of an adversary proceeding objecting to a debtor's discharge.

**3.** Neither do Bank One's other arguments about the fairness of this settlement. Those arguments, whether based upon the number of other creditors, the relative size of its claim in relation to all

claims against the debtor, what the bank estimates it could recover from the debtor if discharge is denied, or the fact that a successful prosecution of the discharge objection will not bring property into the estate, are simply not relevant. They all ignore the determinative fact that under the terms of the settlement Bank One gains a private benefit solely for itself—something that would not occur even if it prosecuted the action to a complete victory.

that one purpose for the restrictions placed upon the dismissal of objections to discharge was to prevent them.

> Dismissal of a complaint objecting to a discharge raises special concerns because the plaintiff may have been induced to dismiss by an advantage given or promised by the debtor or someone acting in his interest. Some courts by local rule or order have required the debtor and his attorney or the plaintiff to file an affidavit that nothing has been promised to the plaintiff in consideration of the withdrawal of the objection. By specifically authorizing the court to impose conditions in the order of dismissal this rule permits the continuation of this salutary practice. Fed.R.Bankr.P. 7041, Advisory Committee Note (1983).

At least two courts have gone so far as to conclude that it is never appropriate for the court to approve a settlement of an objection to a debtor's discharge. *See In re Vickers*, 176 B.R. 287 (Bankr.N.D.Ga.1994); *Moore*, 50 B.R. 661. The *Moore* court determined:

> [A] discharge in bankruptcy is not an appropriate element of a *quid pro quo*. Tying withdrawal of objections to discharge to settlement of other actions is contrary to public policy. Under no circumstances, not even where the intent is innocent, may a debtor purchase a repose from objections to discharge. A discharge in bankruptcy depends on the debtor's conduct; it is not an object of bargain. 50 B.R. at 664.

Under this analysis, the court could not even approve the compromise of a discharge objection when the benefits of the settlement would be shared by all creditors, through a payment to the bankruptcy estate. The *Vickers* court refused to approve such a settlement, proposed by the bankruptcy trustee, stating:

> Either the discharges ought to be granted or they ought to be denied. Nothing in the Bankruptcy Code authorizes a trustee to seek funds from a debtor or to release a nondebtor entity as a price for giving up on a discharge complaint. Discharges are not property of the estate and are not for sale.... Selling discharges would be a disease that would attack the heart of the

bankruptcy process, its integrity. A trustee seeking to get paid may coerce an honest debtor into paying something to get rid of a complaint that has no merit. A dishonest debtor may cover up even greater sins than those that gave rise to the complaint in the first place. *Vickers*, 176 B.R. at 290.

Although the holdings in *Moore* and *Vickers* fully support the court's decision not to approve the proposed dismissal of this action, at the present time the court does not need to consider the propriety of settling a discharge objection where the benefits of that settlement would be enjoyed all creditors. The question before it can be fully disposed of on the narrower proposition, articulated in *Egolf* and *Krizmanich*, that public policy will not allow a creditor's private greed to outrun its community spirit. *Krizmanich*, 139 B.R. at 459.

The joint stipulation will not be approved. An appropriate order will be entered.