**In re George J. MAYNARD and Patricia E. Maynard, Debtors.**

**Douglas J. Wolinsky, Trustee, Plaintiff,**

v.

**George J. Maynard and Patricia E. Maynard, Defendants.**

Bankruptcy No. 00–10193.
Adversary No. 00–1020.

United States Bankruptcy Court. D. Vermont.

Feb. 9, 2001.

Shireen T. Hart, Burlington, for Trustee.

Todd Taylor, Burlington, for Debtor/Defendants.

### MEMORANDUM OF DECISION DENYING MOTION TO APPROVE AMENDED SETTLEMENT

COLLEEN A. BROWN, Bankruptcy Judge.

Douglas J. Wolinsky, Esq., Chapter 7 Trustee, has filed a *Motion to Approve Amended Settlement* dated December 27, 2000 [Dkt. # 22–1] pursuant to Bankruptcy Rule 9019(a). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. For the reasons set forth below, the motion is denied.

*Facts*

On February 25, 2000, the Debtors, George J. and Patricia E. Maynard, filed their voluntary petition seeking relief pursuant to Chapter 7 of the Bankruptcy Code. On April 11, 2000, the Plaintiff, Douglas J. Wolinsky, Trustee, filed a complaint objecting to the Debtors' discharge pursuant to 11 U.S.C. § 727. The Plaintiff alleges that although the Debtors signed a certification stating under penalty of perjury that their schedules were true and correct to the best of their knowledge, they falsely stated in their Statement of Financial Affairs that repayment of the sum of $2,400 to their son's business was not a preference because new value was extended in the form of a loan from the son's business to the Debtors. The Plaintiff specifically alleges that the Debtors knowingly and fraudulently made the false oath and seeks a denial of the Debtors' discharge under § 727(a)(4)(A) [1].

On December 27, 2000, the Plaintiff filed the instant Motion to Approve Amended Settlement requesting that this Court approve a settlement whereby the Debtors would pay $5,000 to the Trustee (for distribution to creditors) in exchange for the Trustee withdrawing his objection to their discharge.[2] All creditors and the United States Trustee were sent notice of the proposed settlement agreement; no one filed an objection. In support of the settlement, the Trustee asserts without elaboration that the proposed Settlement Agreement is "in the best interests of the bankruptcy estate," that "the Trustee is of the opinion that this settlement is a more preferable resolution for the bankruptcy estate than proceeding with a trial on the

1. Section 727(a)(4)(A) provides: "(a) The court shall grant the debtor a discharge, unless ... (4) the debtor knowingly and fraudulently, in or in connection with the case ... (A) made a false oath ...".

2. Unlike the previous settlement proposed by these parties (Dkt.# 12–1), under the instant

proposed settlement both Debtors would obtain a discharge of their debts if the Court approves the agreement reached by the parties. Under the terms of the previously proposed settlement, only one Debtor would be granted a discharge in this case.

merits," and that "the litigation costs would be prohibitive."

### Discussion

██ I· find the concept of a debtor and trustee settling a § 727 action for a cash payment to be tantamount to a debtor buying a discharge from the trustee. It is extremely problematic to have debtors put in the position of bidding for their discharge and equally problematic for trustees to engage in conduct which might create the appearance that they are selling discharges. The proposed settlement in question raises this specter, and thus is repugnant to the integrity of the bankruptcy system and must be denied as contrary to public policy. Objections to discharge are "directed toward protecting the integrity of the bankruptcy system by denying a discharge to debtors who engaged in objectionable conduct that is of a magnitude and effect broader and more pervasive than fraud on, or injury to, a single creditor." *See In re Harrison,* 71 B.R. 457, 459 (Bankr.D.Minn.1987). There is a nearly century old principle in the Second Circuit that discharge "is refused to a dishonest bankrupt as a punishment for his fraud and to prevent its continuance in the future. In a sense the question has passed beyond the creditors and is one of public policy. . . ." *In re Hammerstein,* 189 F. 37, 38 (2nd Cir.1911).

██ The fact that no party in interest has objected to the proposed settlement in no way diminishes the Court's duty to review, and rule on, the appropriateness of the Trustee's proposed resolution of this lawsuit. *In re Smith,* 207 B.R. 177 (Bankr.N.D.Ind.1997)(proposed settlement of objection to discharge action denied although proposed settlement was properly noticed and no party in interest filed objections thereto).

██ Several courts have considered whether a complaint objecting to discharge pursuant to § 727 is a proper subject for contractual negotiation and have flatly rejected proposed settlements. *See In re Vickers,* 176 B.R. 287 (Bankr.N.D.Ga.1994)(denying trustee's motion to approve settlement of objection to discharge); *In re Moore,* 50 B.R. 661 (Bankr.E.D.Tenn.1985)(denying proposed settlement of objection to discharge by debtor, trustee and creditor as contrary to public policy); *see also In re Chalasani,* 92 F.3d 1300, 1310 (2nd Cir.1996)("Bankruptcy courts share the concern that there be no 'taint of compromise' involved in the dismissal of a § 727 action"); *In re Grosse,* 1997 WL 668059 (Bankr.E.D.Pa.1997)(proposed settlement of objection to discharge action denied); *In re Wilson,* 196 B.R. 777 (Bankr.N.D.Ohio 1996)(trustee's proposed compromise of objection to discharge action in exchange for debtor's payment to bankruptcy estate rejected). As eloquently stated by the *Moore* court:

> [A] discharge in bankruptcy is not an appropriate element of a *quid pro quo.* Tying withdrawal of objections to discharge to settlement of other actions is contrary to public policy. Under no circumstances, not even where the intent is innocent, may a debtor purchase a repose from objections to discharge. A discharge in bankruptcy depends on the debtor's conduct; it is not an object of bargain.

*In re Moore,* 50 B.R. at 664. Similarly, as noted by the *Vickers* court:

> It is against public policy to sell discharges. [citation omitted] Selling discharges would be a disease that would attack the heart of the bankruptcy process, its integrity. A trustee seeking to get paid may coerce an honest debtor into paying something to get rid of a complaint that has no merit. A dishonest debtor may cover up even greater sins than those that gave rise to the complaint in the first place. The conduct described in these hypothetical situations may be criminal bankruptcy fraud. See 18 U.S.C. § 152(6).

*In re Vickers,* 176 B.R. at 290. There is no question that an honest debtor is enti-

tled to a discharge. *See Bank of Pennsylvania v. Adlman (In re Adlman)*, 541 F.2d 999, 1003 (2d Cir.1976)(one of the principal purposes of the Bankruptcy Code is to allow the honest debtor to get a new start in life free from debt). The premise underlying a proposal to settle a discharge objection is that one might be partially dishonest. This is like saying one is a little pregnant. It is simply not possible. One has either committed the misconduct described in § 727 or not; and hence is disqualified from obtaining a discharge or not[3]. It is my view that complaints to deny a discharge must be granted in full or denied in full; there is no middle ground. Neither the Bankruptcy Code nor the Bankruptcy Rules authorize a trustee to seek funds from a debtor in exchange for the trustee giving up an objection to discharge founded upon debtor misconduct. Bankruptcy Rule 7041 governs dismissal of adversary proceedings and provides that:

> Rule 41 F.R. Civ. P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may dire, and only on order of the court containing terms and conditions which the court deems proper.

Notably, the rule speaks only of dismissal of complaints objecting to discharge; conspicuously absent is any mention of settlement or compromise of these complaints. *See In re Nicolosi*, 86 B.R. 882, 886 (Bankr.W.D.La.1988). To allow trustees to settle objections to discharge would be to endorse an unacceptable derogation of the integrity of the bankruptcy system and to encourage what could be a disturbing abuse of power by trustees. Trustees should not seek to put debtors in a position where they can defeat an adversary proceeding filed under § 727 by paying funds to the bankruptcy estate. If the debtor is entitled to a discharge, any demand for payment is improper and the complaint must be dismissed; if the debtor is not entitled to a discharge, the objection to discharge action should proceed and should not be withdrawn based upon a payment of any sum of money from the debtor to the plaintiff.

■ The proposal presented provides the Debtors with a partial discharge (i.e., a discharge of that portion of their debt in excess of $5,000). I am troubled by any practice whereby the trustees determine the amount a debtor must pay in order to have a complaint objecting to discharge withdrawn. Effectively this allows the trustee to determine the extent of a debtor's discharge and favors those debtors who have the financial resources to pay the trustee over those who do not. Further, it raises the question of how the trustee would make the determination of when to seek dismissal a discharge objection complaint in exchange for payment. Would the determination be based upon the total amount of the debtor's debts? Or on the amount the debtor can afford to pay? Or on the trustee's evaluation of the gravity of the § 727 violation? Or on the trustee's sense of the likelihood of success on the merits? I do not believe that the Bankruptcy Code or Rules authorize a case trustee to enter into negotiations with the debtor on any of these grounds. Compromise of an objection to discharge suit is particularly offensive because it takes place in the context of a case filed under a statute designed to provide relief to parties in financial distress. For the trustee to engage in negotiation of objections to discharge complaints risks the very consequences addressed by the 1983 Advisory Committee Note to Rule 7041 of the Bankruptcy Rules:

---

**3.** In some instances, negotiations to settle a § 727 action might even implicate a violation of applicable ethical rules. *See* Vt. Rules of Professional Conduct, Rule 4.5 (prohibiting the threat of criminal prosecution to obtain advantage in civil matter).

Dismissal of a complaint objecting to a discharge raises special concerns because the plaintiff may have been induced to dismiss by an advantage given or promised by the debtor or someone acting in his interest. Some courts by local rule or order have required the debtor and his attorney or the plaintiff to file an affidavit that nothing has been promised to the plaintiff in consideration of the withdrawal of the objection. By specifically authorizing the court to impose conditions in the order of dismissal this rule permits the continuation of this salutary practice.

This comment applies equally to trustee and creditor plaintiffs. The Editors' Comment to Rule 7041 reinforces this Advisory Committee Note:

> To assure that there is no improper bargain involved, such as an agreement to pay the plaintiff's debt in return for a dismissal of the complaint seeking to bar the discharge, the court may provide such terms and conditions in its order as it deems proper. It is, of course, a felony to bargain for some special advantage in consideration of doing or not doing something in connection with the bankruptcy case.[4]

*Norton Bankruptcy Rules Pamphlet 2000–2001*, p. 477. In sum, it appears to me that there are ample and compelling reasons to interpret Rule 7041 narrowly, meaning that if a trustee determines he or she does not wish to proceed with prosecution of an action brought under § 727 the trustee must seek to dismiss the proceeding. Compromise or settlement is not appropriate.

██ In this case, then, the Trustee has two options: he may file a motion setting forth the grounds on which the adversary proceeding should be dismissed, with prejudice (if, for example, discovery has re-

vealed information leading him to believe he will not be able to prove the material allegations of the complaint), or he can proceed to trial. I rely upon the case trustees to exercise their judgment in determining whether and when to file § 727 complaints, and whether and when to seek dismissal of them. I presume that in this case the Trustee had good reason to believe the Debtors were not eligible for a discharge under § 727, but later determined that taking $5,000 was a surer bet than proceeding to trial. The Trustee may have sought to settle the action in order to create an estate from which to pay creditors without risking a possible dismissal of the proceeding after trial or to save the estate the costs of litigation. Salutary as his intentions might be, I do not believe that the trustee has this option. I am aware that previously on occasion trustees in this district have had § 727 settlement agreements approved by the Court. But, upon careful consideration of the public policy concerns implicated by this practice, I have decided that this Court will no longer approve settlements of § 727 complaints. I am absolutely persuaded that a debtor's right to discharge is a matter of principle and therefore is unequivocally non-negotiable. As observed by the Second Circuit Court of Appeals, "[b]ecause discharge is a statutory right undergirded by public policy considerations, it is not a proper subject for negotiation and the exchange of a *quid pro quo*." *In re Chalasani*, 92 F.3d at 1310.

Neither the merits of the Trustee's allegations nor the merits of the Debtors' defenses are before me. Accordingly, I make no findings whatsoever as to the substantive issues raised in the pleadings, and address only the propriety and legal sufficiency of the settlement agreement reached by the parties. Since I find that this adversary proceeding is not a proper

---

4. See 18 U.S.C. § 152 which provides in part: "A person who ... knowingly and fraudulently gives, offers, receives or attempts to obtain any money or property, remuneration, compensation, reward, advantage or promise thereof for acting or forbearing to act in any case under title 11 ... shall be fined under this title, imprisoned not more than 5 years, or both."

subject of compromise, on any terms, I cannot approve the proposed settlement.

Accordingly, for the reasons set forth above, the Trustee's *Motion to Approve the Amended Settlement* is denied.