In re George J. MAYNARD and Patricia E. Maynard, Debtors.

Douglas J. Wolinsky, Trustee, Plaintiff,

v.

George J. Maynard and Patricia E. Maynard, Defendants.

No. 2:01–CV–86.

United States District Court, D. Vermont.

Oct. 31, 2001.

Todd Taylor, Law Offices of Todd Taylor, Burlington, VT, for debtors.

Shireen Soraya T. Hart, Miller, Eggleston & Cramer, Ltd., Burlington, VT, for plaintiff.

Kevin Jay Purcell, Office of U.S. Trustee, Albany, NY, for U.S. Trustee.

## OPINION AND ORDER

SESSIONS, District Judge.

Douglas J. Wolinsky, Chapter 7 trustee, has appealed from a decision of the United States Bankruptcy Court for the District of Vermont (Brown, J.) denying his motion to approve an amended settlement of an adversary proceeding brought against the debtors. For the reasons stated below, the decision of the bankruptcy court is reversed.

### Facts

On February 25, 2000, the debtors, George J. and Patricia E. Maynard, filed a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code. On April 11, 2000, the trustee filed an adversary proceeding seeking denial of the Maynards' discharge pursuant to 11 U.S.C. § 727(a)(4)(A). The trustee alleged that the Maynards knowingly and fraudulently made a false oath; namely that, under penalty of perjury, they certified that the schedules they submitted were true and correct to the best of their knowledge, information and belief, when in fact, a statement in their Statement of Financial Affairs was false. The trustee alleged that the Maynards deliberately misrepresented that payment of $2,400.00 to their son's business was not a preference because new value was extended in the form of a loan from the son's business to the Maynards.

On December 22, 2000, the trustee moved to approve an amended settlement, whereby the Maynards would pay

$5,000.00 to the trustee for distribution to creditors, and the trustee would withdraw his objection to their discharge. In support of the motion, the trustee asserted that the agreement was in the best interest of the bankruptcy estate, that settlement was preferable to proceeding with a trial on the merits, and that litigation costs would be prohibitive. All creditors and the United States Trustee were sent notice of the proposed settlement; there were no objections.

In a decision dated February 9, 2001, the bankruptcy judge denied the trustee's motion to approve the amended settlement. The Bankruptcy Court concluded that neither the Bankruptcy Code nor the Bankruptcy Rules authorize settlement or compromise of a § 727 complaint, and that as a matter of public policy, negotiations concerning a debtor's right to discharge are repugnant to the integrity of the bankruptcy system. *Wolinsky v. Maynard (In re Maynard)*, 258 B.R. 91, 93 (Bankr.D.Vt. 2001). The Court ruled that henceforth it would not approve settlements of § 727 complaints on any terms. *Id.*, 258 B.R. at 95. The trustee timely filed a notice of appeal under 28 U.S.C. § 158(a).

*Discussion*

I. *Finality*

■ Section 158(a) of Title 28 United States Code grants a district court the authority to hear appeals from final and interlocutory orders of the bankruptcy court. 28 U.S.C.A. § 158(a) (West Supp. 2001). *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 252, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). A bankruptcy court order is final if it " 'finally dispose[s] of [a] discrete dispute[ ] within the larger case.' " *U.S. Trustee v. Bloom (In re Palm Coast, Matanza Shores Ltd. P'ship)*, 101 F.3d 253, 256 (2d Cir.1996) (quoting *State Gov't Creditors' Comm. for Prop.*

*Damage Claims v. McKay (In re Johns–Manville Corp.)*, 920 F.2d 121, 126 (2d Cir.1990)). *See also Official Comm. of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.)*, 3 F.3d 49, 53 (2d Cir.1993) (bankruptcy court order final if it completely resolves all issues pertaining to discrete claim); *LTV Steel Co. v. United Mine Workers of Am. (In re Chateaugay Corp.)*, 922 F.2d 86, 90 (2d Cir.1990) (bankruptcy court order final if it resolves discrete dispute within larger case). "[A] 'dispute' in this context means at least an entire claim for which relief may be granted." *Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 283 (2d Cir.1996) (dismissing appeal on ground that bankruptcy court order denying plan confirmation was not final).

■ Finality is "more flexible in the bankruptcy context than in ordinary civil litigation." *Palm Coast*, 101 F.3d at 256. For example, in three recent cases, panels of the Second Circuit Court of Appeals have concluded that bankruptcy court rulings allowing or refusing to allow a trustee to retain counsel or consultants were final orders. *See In re Kurtzman*, 194 F.3d 54, 57 (2d Cir.1999) (bankruptcy court order refusing to allow trustee to hire law firm was final); *Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 619–20 (2d Cir.1999) (bankruptcy court order allowing trustee to hire law firm was final); *Palm Coast*, 101 F.3d at 256 (bankruptcy court order allowing retention of real estate firm as consultant was final). The *Palm Coast*, *AroChem* and *Kurtzman* courts attached significance to the fact that "[n]othing in the order of the bankruptcy court ... indicate[d] any anticipation that the decision [would] be reconsidered." *Id.*; *see AroChem*, 176 F.3d at 620; *Kurtzman*, 194 F.3d at 57.

■ There is no reason to believe that the appellate courts' reasoning is confined to appeals of decisions concerning trustee hiring requests, although the courts following *Palm Coast* have expressed concern at an apparent relaxation of the finality standard in the bankruptcy context. *See Kurtzman*, 194 F.3d at 57 n. 1; *AroChem*, 176 F.3d at 620 n. 6. Furthermore, although there is authority for a conclusion that an order denying approval of a settlement agreement between debtors and trustee is not final, *see, e.g., H & C Dev. Group, Inc. v. First Vt. Bank & Trust Co. (In re Miner)*, 222 B.R. 199, 203 (2d Cir. BAP1998) (order refusing to enforce alleged settlement agreement); *Providers Benefit Life Ins. Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.)*, 734 F.2d 794, 796 (11th Cir.1984) (order denying approval of settlement agreement); *Tonkoff v. Synoground (In re Merle's Inc.)*, 481 F.2d 1016, 1018 (9th Cir.1973) (order disapproving compromise); *Royal Bank & Trust Co. v. Pereira (In re Lady Madonna Indus., Inc.)*, 76 B.R. 281, 285 (S.D.N.Y.1987) (order denying motion to compel trustee to submit settlement to bankruptcy court for approval), the cases do not deal with a categorical refusal to approve the compromise of a § 727 action on any terms.

Accordingly, because the bankruptcy court's decision completely resolved the discrete issue of whether settlement of a § 727 action may ever be permitted, with no indication that the decision would be reconsidered, this Court concludes that the bankruptcy court's decision was final for purposes of appeal.

II. *Standard of review*

■ On appeal from a bankruptcy court's decision, findings of fact are not set aside unless clearly erroneous. Fed. R. Bankr.P. 8013. *See also Liona Corp., Inc. v. PCH Assocs. (In re PCH Assocs.)*, 949 F.2d 585, 597 (2d Cir.1991). Conclusions of law receive de novo review. *Id.* Because the Bankruptcy Court's determination that settlements of § 727 actions will not be approved is a purely legal issue, it is reviewed de novo.

III. *Compromise of § 727 Actions*

■ Section 727(a)(4)(A) of Title 11 of the United States Code Annotated provides: "(a) The Court shall grant the debtor a discharge, unless ... (4) the debtor knowingly and fraudulently, in or in connection with the case—(A) made a false oath or account." 11 U.S.C.A. § 727(a)(4)(A) (West 1993). There is no question that the extraordinary relief afforded by the Bankruptcy Code is intended to be available only to the honest debtor. *See In re Taylor*, 190 B.R. 413, 416 (Bankr.D.Colo.1995); *Hage v. Joseph (In re Joseph)*, 121 B.R. 679, 681 (Bankr. N.D.N.Y.1990). Section 727 is "a blanket prohibition of a debtor's discharge" under certain specific circumstances, "thereby protecting the debts owed to all creditors." *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1309 (2d Cir. 1996). Because § 727 imposes an extreme penalty against wrongdoing, it is construed liberally in favor of the bankrupt, and special procedural rules govern § 727 cases. *Id.* at 1310.

Rule 7041 of the Federal Rules of Bankruptcy Procedure governs the dismissal of § 727 complaints seeking denial of discharge. It provides that Rule 41 of the Federal Rules of Civil Procedure [1] applies in adversary proceedings,

---

1. Rule 41(a)(1) permits dismissal by a plaintiff without order of court either by filing a notice of dismissal before service of an answer or motion for summary judgment, or by filing a

except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

Fed. R. Bankr.P. 7041. The rule "allows the bankruptcy court to tailor its order of dismissal to ensure that the dismissal was not obtained improperly." *Chalasani*, 92 F.3d at 1310.

 In general, a bankruptcy court has broad authority to approve or disapprove compromises and settlements affecting the bankruptcy estate. *See In re Bates*, 211 B.R. 338, 343 (Bkrtcy.D.Minn. 1997). Rule 9019(a) of the Federal Rules of Bankruptcy Procedure authorizes a bankruptcy court to approve a compromise or settlement in a case upon motion by the trustee and after notice and hearing. Fed. R. Bankr.P. 9019(a).[2] However, as the Advisory Committee Notes to Rule 7041 remark:

> [d]ismissal of a complaint objecting to a discharge raises special concerns because the plaintiff may have been induced to dismiss by an advantage given or promised by the debtor or someone acting in his interest. Some courts by local rule or order have required the debtor and his attorney or the plaintiff to file an affidavit that nothing has been promised to the plaintiff in consideration of the withdrawal of the objection. By specifically authorizing the court to impose conditions in the order of dismissal this rule permits the confirmation of this salutary practice.

Fed. R. Bankr.P. 7041 advisory committee's note.

In light of these "special concerns," bankruptcy courts have, not surprisingly, divided over whether compromise or settlement is allowed in a § 727 action. *See Bankr.Receivables Mgmt. v. de Armond (In re de Armond)*, 240 B.R. 51, 56 (Bankr. C.D.Cal.1999) (allowed if terms of settlement are fair and equitable and in best interests of estate); *Migoscha v. Meffert (In re Meffert)*, 232 B.R. 71, 73 (Bankr. S.D.N.Y.1998) (not allowed because local rules required debtor to certify that it had not given consideration for withdrawal of complaint); *Bates*, 211 B.R. at 348 (allowed in some circumstances; per se rule against settlement not appropriate); *Bank One, Crawfordsville, NA v. Smith (In re Smith)*, 207 B.R. 177, 178 (Bankr.N.D.Ind. 1997) (not allowed if action settled in return for private benefit and successful prosecution would benefit entire creditor body); *Tindall v. Mavrode (In re Mavrode)*, 205 B.R. 716, 720 (Bankr.D.N.J. 1997) (allowed if court determines that compromise is fair and equitable); *In re Wilson*, 196 B.R. 777, 780 (Bankr.N.D.Ohio 1996) (allowed if fair and equitable and in best interests of estate); *Taylor*, 190 B.R. at 417 (same); *Moister v. Vickers (In re Vickers)*, 176 B.R. 287, 290 (Bankr.N.D.Ga. 1994) (not allowed as against public policy); *Russo v. Nicolosi (In re Nicolosi)*, 86 B.R. 882, 889 n. 4 (Bankr.W.D.La.1988) (compromise should be allowed in appropriate cases); *In re Moore*, 50 B.R. 661, 664 (Bankr.E.D.Tenn.1985) (not allowed as against public policy). The majority of bankruptcy courts that have considered

---

stipulation of dismissal. Fed.R.Civ.P. 41(a)(1).

**2.** Rule 9019(a) provides: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settle-ment. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr.P. 9019(a).

the matter have concluded that a bankruptcy court may approve the compromise or settlement of a § 727 complaint if the settlement is fair and equitable and in the best interests of the estate. *See de Armond,* 240 B.R. at 56.

A panel of the Second Circuit alluded to the circumstances under which a § 727 complaint may be dismissed in *Chalasani,* a case in which a creditor moved to be substituted as plaintiff and to amend a default judgment against the debtor:

> [S]everal bankruptcy courts have held that when a creditor brings an adversary proceeding pursuant to § 727 it becomes like a trustee in that its complaint benefits all the creditors. This approach is founded on the premise that "[§ ] 727(a) is directed toward protecting the integrity of the bankruptcy system by denying discharge to debtors who engaged in objectionable conduct that is of a magnitude and effect broader and more pervasive than a fraud on ... a single creditor." Recognizing this, some courts have tried to reconcile the public interest in not permitting fraudulent debtors to use the courts to escape the consequences of their actions and the public interest in encouraging the just, speedy, inexpensive, and final resolution of disputes. The tool used to effectuate such a reconciliation is to provide notice and the terms of settlement to all parties....

*Chalasani,* 92 F.3d at 1310–11 (quoting *Austin Farm Ctr., Inc. v. Harrison (In re Harrison),* 71 B.R. 457, 459 (Bankr. D.Minn.1987)) (citations omitted).

■ The court found that this "trustee approach" did not apply under the circumstances, given that the creditor untimely sought relief. *Id.* at 1313. Nonetheless, the panel's comments offer some guidance: (1) there must be no "taint of compromise" involved in the dismissal of a § 727 action;

(2) "[b]ecause discharge is a statutory right undergirded by public policy considerations, it is not a proper subject for negotiation and the exchange of a quid pro quo;" (3) these public policy concerns may be balanced against "the public interest in encouraging the just, speedy, inexpensive, and final resolution of disputes" by notice of the terms of settlement pursuant to Rule 7041; and (4) Rule 7041 "grants bankruptcy courts sufficient authority and flexibility to place conditions on dismissal adequate to prevent tainted compromise." *Id.* at 1310–11, 13. As the Second Circuit interprets the statute and the rule, therefore, there are instances in which a complaint objecting to discharge may be settled or compromised.

■ Tainted compromise concerns are more likely to arise in the context of a § 727 proceeding brought by a single creditor, as opposed to the trustee on behalf of the estate. Thus, in *Smith,* the bankruptcy court would not approve the settlement of a § 727 complaint brought by a creditor because the agreement proposed to dismiss the action in return for a benefit that inured solely to the creditor:

> If the successful prosecution of a proceeding will benefit the entire creditor body, that action may not be settled in return for a private benefit. Unless the same parties that would benefit from the successful prosecution of a particular action also receive the benefits of its settlement, the settlement is improper. No amount of notice, absence of objection, or lack of creditor interest can change this principle or remove the fundamental impropriety which taints a settlement that does not comply with it.

207 B.R. at 178. And in *Bates,* the bankruptcy court held that a proposed settlement of a § 727 proceeding is per se inappropriate where the consideration offered in exchange for the dismissal of the com-

plaint would benefit a private creditor rather than the bankruptcy estate as a whole. 211 B.R. at 346. By contrast, in the case at bar, the proposed payment is intended to benefit the estate, not an individual creditor.

■ The Bankruptcy Court found that settlement of a § 727 action by a payment to the bankruptcy estate in exchange for dismissal was "tantamount to a debtor buying a discharge from the trustee." *Maynard,* 258 B.R. at 93. Although such a settlement proposal deserves close scrutiny, this Court does not view this conduct as trafficking in discharges. For one thing, the allegations of debtor misconduct in the adversary complaint are just that: allegations. As yet, there has been no judicial determination that there is a basis for denying the Maynards their discharge. *See Bates,* 211 B.R. at 347–348. There may be circumstances in which the honest debtor simply desires a peaceful, inexpensive and speedy resolution, or the scrupulous trustee eventually has some doubt whether he can prove the requisite element of intent. "Without the opportunity to compromise, a litigant is left with 'no way out' except to give up or to pursue the martial arts of litigation to their ultimate conclusion." *Russo v. Nicolosi (In re Nicolosi),* 86 B.R. 882, 889 n. 4 (Bkrtcy. W.D.La.1988).

This Court concludes that a per se rule prohibiting the settlement or compromise of § 727 actions is not justified by the language of the statute or the rule. Moreover, a per se rule would be inconsistent with the broad equitable powers vested in the bankruptcy court. *See Bank of Marin v. England,* 385 U.S. 99, 103, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966); *Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.),* 25 F.3d 1132, 1136 (2d Cir.1994); *State of New York v. Raichle (In re Stirling Homex Corp.),* 591 F.2d 148, 155 (2d Cir.1978). In addition to the important public interest in upholding the integrity of the bankruptcy system and preventing tainted compromise, there is a public interest in encouraging just, speedy, inexpensive, and final resolution of disputes. Furthermore, a determination that a § 727 objection to discharge can never be compromised could have the practical effect of deterring plaintiffs from bringing meritorious complaints, or of depriving defendant debtors of the full protection of the bankruptcy court's oversight.

Bankruptcy judges, with their specialized expertise and experience, and their roles as guardians of the integrity of the bankruptcy system, are excellently suited to resolve any tension inherent in these public policy objectives in the bankruptcy context. Requiring bankruptcy court oversight of the proposed resolution of an objection to discharge effectively ensures that private interests in a particular settlement do not operate to the detriment of the estate, the creditors as a whole, or the bankruptcy system.

■ The Bankruptcy Court should not categorically disapprove settlement of a complaint objecting to discharge, but should use its judgment to approve a settlement only if it is fair and equitable and in the best interests of the estate. *See Mavrode,* 205 B.R. at 720. If there are terms or conditions in the individual case that will ensure that a settlement has not been obtained improperly, the Bankruptcy Court has the power to impose them. *See* Fed. R. Bankr.P. 7041.

■ The settlement agreement in this case contemplated a payment to the Maynard bankruptcy estate in exchange for the dismissal with prejudice of the § 727 proceeding. The trustee asserted in his motion to approve the settlement that settlement on these terms was in the best interest of the bankruptcy estate. The

Bankruptcy Court did not consider the merits of the settlement because it concluded that compromise was not appropriate on any terms. *Maynard*, 258 B.R. at 95–96. On remand, the Court should make an informed, objective judgment as to whether the proposed compromise is fair and equitable, assessing the probability of success should the claim be litigated, estimating the "complexity, expense, and likely duration of [the] litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968). *See also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir.1996) (applying standard to settlement agreement in Chapter 7 case); *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 523 (S.D.N.Y.1993) (same). Essentially the Court should "compare the terms of the compromise with the likely rewards of litigation," *TMT*, 390 U.S. at 425, 88 S.Ct. 1157, keeping the best interests of the estate paramount.

### Conclusion

Although the Bankruptcy Court's concern to protect the integrity of the bankruptcy system and avoid the taint of compromise is entirely laudable, a blanket prohibition on settlement of § 727 cases is not justified by the language of Bankruptcy Rule 7041, the majority of jurisdictions that have considered the matter, or countervailing public policy concerns favoring dispute resolution. Accordingly, the decision of the Bankruptcy Court is reversed and the case remanded for the Court to exercise its judgment to determine whether the terms of the settlement are fair and equitable and in the best interests of the estate, and to fashion case-appropriate

terms and conditions if necessary to protect other creditors.