In re George J. MAYNARD and
Patricia E. Maynard,
Debtors.

Douglas J. Wolinsky, Trustee, Plaintiff,

v.

George J. Maynard and Patricia
E. Maynard, Defendants.

No. 2:02–CV–92.

United States District Court,
D. Vermont.

Oct. 31, 2002.

Todd Taylor, Law Offices of Todd Taylor, Burlington, for debtors.

Shireen Soraya T. Hart, Miller, Eggleston & Cramer, Ltd., Burlington, VT, for Douglas J. Wolinsky, Chapter 7 Trustee.

Kevin Jay Purcell, Office of the U.S. Trustee, Albany, NY, United States Trustee.

### MEMORANDUM AND ORDER

SESSIONS, Chief Judge.

Douglas J. Wolinsky, Chapter 7 trustee, has appealed from a decision of the United States Bankruptcy Court for the District of Vermont (Brown, J.) denying, upon remand, his motion to approve an amended settlement of an adversary proceeding brought against the debtors pursuant to 11 U.S.C. § 727(a)(4)(A). The settlement agreement contemplates a payment to the Maynard bankruptcy estate in exchange for the dismissal with prejudice of the adversary proceeding. For the reasons stated below, the decision of the bankruptcy court is affirmed.

### I. Background

The underlying facts in this case are set forth fully in this Court's October 31, 2001 Opinion and Order. *Wolinsky v. Maynard (In re Maynard)*, 269 B.R. 535 (D.Vt. 2001). Accordingly, familiarity with the facts is assumed.

The Court's October 31, 2001 Opinion and Order reversed the Bankruptcy Court's denial of approval for the amended settlement and held that a per se rule against settlement of adversary proceedings under § 727 was not justified by the language of Bankruptcy Rule 7041, the policy underlying the statute, or the broad equitable powers invested in bankruptcy courts. *Maynard*, 269 B.R. at 542. The Court remanded the case to the Bankrupt-

cy Court with instructions to "exercise its judgment to determine whether the terms of the settlement are fair and equitable and in the best interests of the estate, and to fashion case-appropriate terms and conditions if necessary to protect other creditors." *Id.* at 543. On remand, after a hearing on the issue, the Bankruptcy Court determined that the amended settlement is not fair and equitable and again denied the motion for approval. The trustee timely filed a notice of appeal under 28 U.S.C. § 158. A hearing on the appeal was held on October 24, 2002 and was attended by the trustee.[1]

## II. Jurisdiction

■ Section 158(a) of Title 28 of the United States Code grants a district court authority to hear appeals from final and interlocutory orders of the bankruptcy court. 28 U.S.C.A. § 158(a) (West Supp. 2001). In a non-bankruptcy case, an order becomes a final order if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (quotations omitted). However, in bankruptcy cases a more flexible approach to finality is taken "[b]ecause bankruptcy proceedings often continue for long periods of time, and discrete claims are often resolved at various times over the course of the proceedings." *In re Chateaugay Corp.,* 880 F.2d 1509, 1511 (2d Cir.1989). Thus an order need not dispose of the entire bankruptcy to be final. Instead, in the Second Circuit, bankruptcy orders are appealable as final orders if they "finally dispose of discrete disputes within the larger case." *In re Kurtzman,* 194 F.3d 54, 57 (2d Cir.1999). "[A] 'dispute' in this context means at least an entire claim for

which relief may be granted," not merely a separable issue. *Flor v. BOT Fin. Corp. (In re Flor),* 79 F.3d 281, 283 (2d Cir. 1996).

■ In addressing the issue of finality in the October 31 Opinion and Order, the Court recognized that there is authority for the conclusion that an order disapproving a settlement agreement between debtors and the trustee is not final. *See, e.g., H & C Dev. Group, Inc. v. First Vt. Bank & Trust Co. (In re Miner),* 222 B.R. 199, 203 (2d Cir. BAP 1998) (order refusing to enforce alleged settlement agreement); *Providers Benefit Life Ins. Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.),* 734 F.2d 794, 796 (11th Cir.1984) (order denying approval of settlement agreement); *Tonkoff v. Synoground (In re Merle's Inc.),* 481 F.2d 1016, 1018 (9th Cir.1973) (order disapproving compromise); *Royal Bank & Trust Co. v. Pereira (In re Lady Madonna Indus., Inc.),* 76 B.R. 281, 285 (S.D.N.Y.1987) (order denying motion to compel trustee to submit settlement to bankruptcy court for approval). These cases have found a lack of finality because although the issue of settlement was finally determined, the orders denying settlement did not end the litigation, decide the merits, determine the rights of the parties, or establish damages in the claim or dispute compromised by the proposed settlement. *See Miner,* 222 B.R. at 202–203; *Tidewater Group,* 734 F.2d at 796; *Merle's Inc.,* 481 F.2d at 1018; *Lady Madonna,* 76 B.R. at 284–85.

However, the Court also noted in its previous opinion that three recent decisions of the Second Circuit have relied largely on the fact that "[n]othing in the order of the bankruptcy court ... indicate[d] any anticipation that the decision

---

1. Prior to the hearing the debtors informed the Court in writing that they support the

trustee's position and legal arguments, as presented in the trustee's brief on appeal.

[would] be reconsidered" in finding bankruptcy orders to be final. *U.S. Trustee v. Bloom (In re Palm Coast, Matanza Shores Ltd., P'ship)*, 101 F.3d 253, 256 (2d Cir.1996) (order allowing retention of real estate firm as consultant was final); *accord Kurtzman*, 194 F.3d at 57 (order refusing to allow trustee to hire law firm was final); *Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 620 (2d Cir.1999) (order allowing trustee to hire law firm was final). These decisions have not focused on the question of a whether a discrete dispute exists. *See Kurtzman*, 194 F.3d at 57 n. 1 (noting that *Palm Coast* may rely on an "overly expansive notion of 'discrete disputes,'" but that it is binding precedent); *AroChem* 176 F.3d at 620 n. 6 (recognizing that "*Palm Coast* may cut against the grain of prior Circuit precedent" relying on the notion of discrete disputes, but concluding that it is bound to follow the *Palm Coast* precedent). Accordingly, this Court concluded that, given the clear indication from the Bankruptcy Court's initial per se rule, reconsideration was unlikely and the order was final for the purposes of appeal.

In the present appeal, there is again no indication that the Bankruptcy Court will reconsider its order. Although the Court recognizes that the Bankruptcy Court's order arguably settles only a discrete issue, as opposed to the discrete § 727 dispute, it feels that the Second Circuit's most recent precedent permits a determination that the order is final. *But see Mid–Hudson Realty Corp. v. Duke & Benedict, Inc. (In re Duke & Benedict, Inc.)*, 278 B.R. 334, 341–43 (S.D.N.Y.2002) (without mentioning *Palm Coast*, finding that the bankruptcy court's declaratory judgment on the parties' obligations under a contract was not a final order because it did not completely dispose of the plaintiff's breach of contract claims and further litigation was required).

■■ Even if the order disapproving settlement was not a final order under § 158(a), the Court would have jurisdiction pursuant to the "collateral order" exception to the final-judgment rule established in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under the collateral order doctrine an order is reviewable "if it (1) conclusively determines the question presented, (2) resolves an important issue that is completely collateral to the merits, and (3) concerns a right that would be effectively unreviewable after a final judgment on the merits." *Murray v. Pan Am World Airways, Inc. (In re Pan Am Corp.)*, 16 F.3d 513, 515 (2d Cir.1994) (citing *Gulfstream v. Mayacamas Corp.*, 485 U.S. 271, 276, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988)).

There is no question that the Bankruptcy Court conclusively determined that the settlement was not fair and equitable to the parties. Moreover, the issue of the fairness and equity of the settlement is separate from the merits of the § 727 claim; the Bankruptcy Court specifically noted that it was not considering the merits of the trustee's allegations in evaluating the settlement. *Wolinsky v. Maynard (In re Maynard)*, 273 B.R. 369, 373 (Bankr. D.Vt.2002). Finally, the Bankruptcy Court's denial will be, in effect, unreviewable on appeal from the final decision in the adversary proceeding. As the trustee indicated during the hearing, the estate's rights will be "irretrievably lost in the absence of an immediate appeal." *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 430–31, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). If the trustee does not prevail in the adversary hearing, appealing the settlement order will be useless because the merits of the dispute will have been decided, making the settlement itself worthless. *See Pan Am*, 16 F.3d at 516

(although post-final-judgment review was possible, permitting collateral order review because doing so was "more consonant with principles of efficiency and fairness"); *cf. Miner,* 222 B.R. at 203 (order finding no stipulation regarding reduction in value of secured claim did not create irretrievable loss of rights). The same can be said for the debtors should they not prevail in the proceeding.

## III. Standard of Review

■ A bankruptcy court has authority to approve a compromise or settlement pursuant to Bankruptcy Rule 9019(a). Fed. R. Bankr.P. 9019(a); *see also Fischer v. Pereira (In re 47–49 Charles St., Inc.),* 209 B.R. 618, 620 (S.D.N.Y.1997). The Court reviews the Bankruptcy Court's decision to disapprove the settlement deferentially. It "should not be overturned unless its decision is manifestly erroneous and a clear abuse of discretion." *In re Purofied Down Prods. Corp.,* 150 B.R. 519, 522 (S.D.N.Y.1993) (quotations omitted); *accord Anaconda–Ericsson Inc. v. Hessen (In re Teltronics Servs., Inc.),* 762 F.2d 185, 189 (2d Cir.1985); *In re Ashford Hotels, Ltd.,* 235 B.R. 734, 739 (S.D.N.Y. 1999).

■ A bankruptcy court's findings of fact are not set aside unless clearly erroneous. Fed. R. Bankr.P. 8013; *see also Lubow Machine Co., Inc. v. Bayshore Wire Prods. Corp. (In re Bayshore Wire Prods. Corp.),* 209 F.3d 100, 103 (2d Cir.2000). A bankruptcy court "necessarily abuse[s] its discretion if it base[s] its ruling on . . . a clearly erroneous assessment of the evidence." *Klein v. Wilson, Elser, Moskowitz, Edelman & Dicker (In re Highgate Equities, Ltd.),* 279 F.3d 148, 152 (2d Cir. 2002) (quotations omitted).

## IV. Discussion

■ The trustee argues that the Bankruptcy Court's disapproval of the amended settlement was based on a clearly erroneous assessment of the evidence and thus was an abuse of discretion. The Court disagrees. The Bankruptcy Court properly exercised its discretion and its decision is adequately supported by the facts in the record.

In its decision the Bankruptcy Court applied the factors outlined in this Court's remand order. Following the Supreme Court's decision in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968), this Court instructed the Bankruptcy Court to make an informed and objective judgment of whether the settlement is fair and equitable by "assessing the probability of success should the claim be litigated, estimating the complexity, expense, and likely duration of [the] litigation, the possible difficulties of collecting judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Maynard,* 269 B.R. at 543 (quotations omitted).

The trustee does not dispute the Bankruptcy Court's determination that the trial would not be complex, lengthy, or expensive, based on the parties' stipulation to all of the relevant facts and the need for trial on only the single issue of the debtors' intent to defraud. The trustee does dispute, however, the Bankruptcy Court's finding that "there is a significant indication that the debtors lacked the requisite fraudulent intent to satisfy the statute" and hence that the probability of litigation success is low. *Wolinksy,* 273 B.R. at 373. The trustee admits that proving intent will be the most difficult aspect of the trial but argues that the debtors' willingness to settle indicates that the outcome of the trial is a close question. The Bankruptcy Court's

determination in this regard is not clearly erroneous. It based this finding on the stipulation from the parties that accompanied the settlement. This stipulation demonstrates that the debtors were forthcoming regarding the loan transaction at issue, that their actions were undertaken in reliance on the advice of counsel, and that they adamantly deny any wrongdoing. These facts are sufficient to support the Bankruptcy Court's determination.

The trustee also faults the Bankruptcy Court's determination that the record provided no indication that the trustee would have difficulty collecting on any judgment. Specifically, the Bankruptcy Court noted that the relief the trustee could obtain would be a denial of discharge and an award of attorney's fees and that the debtors had already evidenced a willingness to make such a cash payment. The trustee argues that the settlement monies were to be paid by the debtors' son, indicating the debtors' inability to pay a money judgment, and that it cannot be presumed that their son would be similarly willing to pay a judgment lien as a settlement. The trustee has a different view of the conclusion that should be drawn from the factual evidence. However, because the Bankruptcy Court's conclusion is also supported by the facts, it does not constitute a clearly erroneous determination. *Goodrich Corp. v. Town of Middlebury*, 311 F.3d 154, 172 (2d Cir.2002) ("[T]he mere fact that there was evidence to support an inference contrary to that drawn by the trier of fact does not mean that the findings were clearly erroneous.") (quoting *Cifra v. G.E. Co.*, 252 F.3d 205, 213 (2d Cir.2001)).

In addition, the trustee argues that the Bankruptcy Court failed to provide any reasoning for its conclusion that the settlement was not fair and equitable. The trustee apparently faults the Bankruptcy Court for not specifically discussing the benefits of the settlement to each party and for not crediting the trustee's determination that the settlement is fair and equitable. However, the Bankruptcy Court based its conclusion on its objective evaluation of the factors discussed above. Although greater explanation of its reasoning would have been helpful, implicit in the Bankruptcy Court's findings is the determination that the settlement, given the low likelihood of success, is not fair and equitable to the debtors. Moreover, that the Bankruptcy Court "may credit and consider the opinion of the Trustee and counsel that the settlement is fair and equitable," *Purofied Down Prods.*, 150 B.R. at 522, does not change the fact that it has an obligation to make an "informed and independent judgment as to whether a proposed compromise is fair and equitable" based on the very factors the Bankruptcy Court considered in this case, *Prot. Comm. for Indep. Stockholders*, 390 U.S. at 424, 88 S.Ct. 1157.

Finally, the Court finds no indication from the transcript of the hearing after remand or from the Bankruptcy Court's written decision that it in fact imposed a per se rule against settlement of a § 727 proceeding or failed to give objective consideration to the factors it considered. The record and memorandum of the Bankruptcy Court demonstrate that the Bankruptcy Court made proper use of its expertise and equitable powers in disapproving the amended settlement.

## V. Conclusion

Wherefore, the Order Denying the Motion to Approve Amended Settlement entered by the Bankruptcy Court on January 31, 2002 is **AFFIRMED**.