**In re Ronald G. SHEFFER, Debtor.**

**No. 03–33989.**

United States Bankruptcy Court,
W.D. Kentucky.

Aug. 17, 2006.

John Baxter Schilling, Louisville, KY, for Debtor.

### MEMORANDUM–OPINION

JOAN L. COOPER, Bankruptcy Judge.

This matter is before the Court on the Motion to Approve Global Settlement Agreement of Debtor Ronald G. Sheffer ("Debtor"). The Court considered the Debtor's Motion, the Limited Objection to Motion to Approve Settlement of GSMS 1999–CI Owensboro, LLC ("GSMS"), the Limited Objection to Motion and Approve Settlement of National City Bank of Kentucky ("NCB"), the Objection to Motion to Approve Settlement of Lennar Partners ("Lennar"), the United States Trustee's Objection to Global Settlement Providing Ronald G. Sheffer a Discharge ("U.S.Trustee"), the Response of Franklin Bank & Trust Company ("Franklin Bank") to Objections to Proposed Global Settlement, Debtor's Response to Objection to Global Settlement Agreement, Response of Trustee William Stephen Reisz ("Chapter 7 Trustee") to Objections to Proposed Global Settlement and the comments of counsel at the hearing held June 27, 2006. For the following reasons, the Court will approve the settlement.

### FACTS

1. On June 13, 2003, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the Bankruptcy Code. Debtor is an attorney who is approximately 66 years old.

2. On August 25, 2003, Ohio Valley National Bank ("OVNB") filed an adversary proceeding against Debtor seeking denial of Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2).

3. On September 29, 2003, the Chapter 7 Trustee filed an adversary proceeding against Debtor seeking denial of Debtor's discharge based on Debtor's allegedly fraudulent transfers to his spouse, Anne Sheffer, and his son, Tom Sheffer.

4. On March 17, 2004, Franklin Bank filed an adversary proceeding against Debtor seeking denial of Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2), (3), (4), and (5) and an order declaring the debt owed by Debtor to Franklin Bank nondischargeable pursuant to 11 U.S.C. § 523(a)(2).

5. On March 31, 2004, Community National Bank filed an adversary proceeding against Debtor seeking denial of Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2), (4) and (5). This action was subsequently dismissed by Agreed Order on October 8, 2004.

6. On October 13, 2004, this Court entered a Memorandum–Opinion and Order in the OVNB case denying Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2). This Court found Debtor had transferred funds from his joint bank account 35 days prior to filing his Petition with the intent to hinder, delay or defraud his creditors. Debtor appealed to the United States District Court for the Western District of Kentucky and posted a $30,000 supersedeas bond.

7. On January 17, 2005, the Chapter 7 Trustee filed an adversary proceeding against Anne Sheffer seeking return of funds allegedly fraudulently transferred by the Debtor to her pursuant to state law and 11 U.S.C. § 548.

8. On March 3, 2005, Debtor and Franklin Bank filed a Joint Motion to Approve Settlement of the Franklin Bank Adversary Proceeding. OVNB objected to the approval of the settlement because it proposed to settle the § 727 action in exchange for payment on the § 523 claim. The basis of the Objection was that the settlement created a preference in favor of Franklin Bank over other unsecured creditors. Following a hearing on the matter, this Court entered an Order denying approval of the settlement on April 28, 2005.

9. On April 5, 2005, the District Court entered an Order affirming this Court's Opinion in the OVNB adversary proceeding. Debtor appealed that decision to the United States Court of Appeals for the Sixth Circuit.

10. On June 8, 2005, the Chapter 7 Trustee filed an adversary proceeding against Tom Sheffer, Debtor's son seeking avoidance of transfers from the Debtor to his son pursuant to 11 U.S.C. §§ 544 and 548 and state law. A similar suit was filed by the Chapter 7 Trustee against JCT Restaurant Group on June 10, 2005.

11. On March 7, 2006, Debtor sought an expedited hearing on his Motion for Global Settlement Conference requesting the Court to schedule a mediation on the pending adversary proceedings. Creditors National City Bank, Franklin Bank and OVNB objected to Court ordered mediation.

12. On March 15, 2006, after a hearing on the matter, the Court granted Debtor's Motion for Global Settlement Conference and ordered "the following creditors and parties-in-interest shall attend the settlement conference with full authority to settle all outstanding issues in this case: William Stephen Reisz, Ronald G. Sheffer, Anne Sheffer, Thomas Sheffer and the following entities through their duly authorized officers: National City Bank, Franklin Bank & Trust Co. and Ohio Valley National Bank." Mediation was then scheduled before the Honorable Thomas H. Fulton for April 26, 2006, which was subsequently rescheduled to April 21, 2006.

13. On May 15, 2006, the Motion to Approve Global Settlement Agreement was filed. The proposed settlement is among Debtor, the Chapter 7 Trustee, OVNB, Franklin Bank, JCT Restaurant Group, Thomas Sheffer and Anne Sheffer. The pertinent terms of the settlement agreement will resolve nine pending adversary proceedings. Anne and Tom Sheffer will pay the Chapter 7 Trustee $200,000 in exchange for mutual releases. The $30,000 supersedeas bond in the OVNB case will be released to Debtor, who will release those funds to Anne and Tom Sheffer for payment by them to the Chapter 7 Trustee. The $200,000 payment will be secured by a mortgage on the Debtor's home. The Chapter 7 Trustee will then release all claims against Anne, Tom, the Sheffer family and the JCT Restaurant Group. Subsequent to those payments to the estate referenced above, the Debtor will pay OVNB $80,000 in incremental payments commencing July 1, 2007. These payments are excepted from Debtor's discharge. In exchange for mutual releases, OVNB will also release Debtor's former law partners. Debtor will pay Franklin Bank $114,583.36 in incremental payments commencing July 1, 2007. These payments are excepted from discharge. In exchange for mutual releases, Franklin Bank will also release Debtor's former law partners.

14. The Motion to Approve Global Settlement was duly noticed and set for a hearing. It drew three Objections. Two Creditors, GSMS 1991–CI Owensboro, LLC and National City Bank, filed Limited Objections contending that the direct payments to OVNB and Franklin Bank are preferential and should be shared by all unsecured creditors. The United States Trustee also objected generally to the proposed settlement on public policy grounds contending the proposed settlement, in effect, allows Debtor to improperly buy his discharge.

### *LEGAL ANALYSIS*

The Court starts its analysis with the basic premise that settlements are generally favored in bankruptcy proceedings because they provide for an often needed and efficient resolution of a bankruptcy case. *Matter of Penn Cent. Transp. Co.,* 596 F.2d 1102, 1103 (3d Cir. 1979). Settlements minimize litigation and expedite administration of the estate. *In re Martin,* 91 F.3d 389, 393 (3d Cir.1996); *In re World Health Alternatives, Inc.,* 344 B.R. 291, 295 (Bankr.D.Del.2006). The proposed settlement in this case presents an opportunity for the estate's creditors to receive some distribution while saving court resources, as well as expediting the administration of this estate by resolving nine pending adversary proceedings.

Since the Debtor seeks approval of the Global Settlement which involves the individual claims of several creditors and the Chapter 7 Trustee's objections to his discharge under 11 U.S.C. § 727, Fed. R. Bankr.P. 7041 must be considered. Under Rule 7041, a creditor who has objected to entry of a bankruptcy discharge cannot voluntarily dismiss its complaint without notice to the Trustee, the United States Trustee and such other persons as the court may direct and only on order of the court containing terms and conditions which the court deems proper. The purpose of providing notice of the proposed dismissal and a hearing is to avoid any possible collusion between the Debtor and a creditor who files a complaint objecting to discharge, but then accepts consideration for withdrawal of the complaint. L. King, 10 *Collier on Bankruptcy,* ¶ 7041.01 (15th ed. rev.).

The Rule has been complied with in this case as all parties received notice of the

proposed settlement and an opportunity to present their views at a hearing. What sets this case apart from most is that the parties were compelled to attend the mediation session conducted by a Judge of this Court. The relevant parties were, therefore, given an unique opportunity to participate in the crafting of this settlement. Even those parties objecting to the settlement were allowed to be a part of the process and provide their input on the settlement. There was no opportunity for collusion as all negotiations were conducted in a transparent manner.

The difficult issue for this Court is whether the public policy argument put forth by the U.S. Trustee bars settlement of the § 727 Complaint. The U.S. Trustee contends that payments to OVNB and Franklin Bank by the Debtor, allow the Debtor, in effect, to purchase his discharge. The U.S. Trustee finds this particularly offensive in this case because this Court found at the trial of OVNB's Complaint that Debtor's actions were fraudulent and barred his discharge. While those were the findings of this Court, and that decision was affirmed by the United States District Court, it is not yet final. The matter was pending before the United States Court of Appeals for the Sixth Circuit when the Motion for Approval of the Global Settlement was filed. The Sixth Circuit's administrative office unsuccessfully tried to mediate the case prior to the mediation session conducted by Judge Fulton. Upon notification by the parties of this proposed settlement, the Sixth Circuit remanded the case from its active docket.

There are several views by courts regarding the settlement of § 727 actions. There is case law with particularly strong opinions from courts of this circuit, that settlement of a § 727 complaint should never be allowed. *See, In re Wilson,* 196 B.R. 777, 779 (Bankr.N.D.Ohio 1996) and

*In re Moore,* 50 B.R. 661, 664 (Bankr. E.D.Tenn.1985). Under this view, the debtor's discharge is based on his conduct and the discharge should never be an object of bargain. Other courts allow settlement of § 727 actions where all parties-in-interest are noticed and other creditors and/or the trustee are allowed to intervene or be substituted as the plaintiff. *In re Margolin,* 135 B.R. 671, 673 (Bankr. D.Colo.1992). Finally, the majority of courts that have considered the issue, allow settlement of a § 727 action where the terms of the settlement are fair and equitable and in the best interest of the estate. *See, e.g., In re Mavrode,* 205 B.R. 716 (Bankr.D.N.J.1997) and *In re Speece,* 159 B.R. 314 (Bankr.E.D.Cal.1993). There are also cases following the majority view that will not allow the settlement, if its terms provide that the creditor receives a private benefit, not available to other creditors. *See, e.g., In re Smith,* 207 B.R. 177, 178 (Bankr.N.D.Ind.1997); *In re Bates,* 211 B.R. 338, 345 (Bankr.D.Minn.1997) and *In re Traxler,* 277 B.R. 699 (Bankr.E.D.Tex. 2002).

▮ Having considered these different views and there appearing to be no Sixth Circuit opinion on point, this Court believes it appropriate to reject a *per se* rule banning settlement of all § 727 actions as unduly restrictive. Furthermore, it undermines the fundamental principle that the law favors settlements. This Court is ever mindful that litigation is costly and taxes judicial resources. Settlement should be encouraged, where appropriate, in order to expedite case administration.

▮ The Court also believes that the facts of this case make it particularly appropriate for analysis under the fair and equitable standard. Under this standard, the court must consider 1) the probability of success of the litigation; 2) collectability; 3) complexity, expense, inconvenience,

and delay attendant to continued litigation; and 4) the interest of the creditors. *Speece*, 159 B.R. at 317. The Court has considered each of these factors and finds they favor approval of the proposed settlement.

The distinguishing features of this settlement are the payment terms. While there are direct payments to creditors OVNB and Franklin Bank, these payments will not occur until the estate first receives its $200,000 payment, a payment for the benefit of all creditors. The Chapter 7 Trustee weighed the risks and benefits of the proposed settlement and quite candidly admitted that his attorneys' fees thus far are in the range of $60,000 and would increase exponentially were he to continue to prosecute all of the pending adversary proceedings. The risk of non-collection is great when one considers the Debtor's age. If the settlement fails, Debtor could retire from the practice of law and the risk of non-collection increases dramatically.

OVNB and Franklin Bank pursued their nondischarge actions, and a § 523 action in the case of Franklin Bank, at great expense. Without this settlement, the creditors run the risk of collecting nothing on their claims. Weighing the $200,000 payment to the estate available if the settlement is approved against the possibility of uncollectible judgments, the Court finds the proposed settlement fair and equitable and in the estate's best interest.

The Court does not lightly dismiss the U.S. Trustee's public policy arguments. The integrity of the bankruptcy system depends on affording only honest but unfortunate debtors an opportunity for a fresh start. The proposed Global Settlement represents more than just the opportunity for the Debtor to receive his discharge. When it is considered that this Court's findings in the OVNB case are not yet final and subject to possible reversal, that no party has been or was excluded from the settlement process, the benefits to the estate of the proposed settlement, the tremendous savings of judicial resources by settlement of nine pending adversary proceedings, the payments to OVNB and Franklin Bank do not represent a simple purchase of a discharge by a dishonest debtor. The Court finds that when viewed as a whole, the Global Settlement proposed in this case is fair and equitable and in the best interest of the estate. This finding outweighs and minimizes the danger of any perception that the Debtor is merely purchasing a discharge. Accordingly, the proposed Global Settlement is approved.

### CONCLUSION

For all of the above reasons, the Motion to Approve Global Settlement of Debtor Ronald G. Sheffer is **GRANTED**. An Order incorporating the findings herein accompanies this Memorandum–Opinion.

### ORDER

Pursuant to the Memorandum–Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Approve Global Settlement Agreement of Debtor Ronald G. Sheffer, be and hereby is, **GRANTED**.